Nauman vs. Ullman.

BARDEEN, J., took no part.

Nauman, Respondent, vs. Ullman, Appellant.

*January 17 — January 31, 1899.*

*Sale of chattels: Warranty: Waiver: Parol evidence: Special verdict.*

1. One buying an article upon an express warranty may sue for any damages resulting from a breach without returning or offering to return such article.

2. Plaintiff bought a horse from the defendant upon an express warranty that it was well and sound except for a cold, and, paying part of the price, gave a three-days' note for the balance, which provided that the ownership and possession should not pass from the vendor until the note was paid. Plaintiff received the horse, and paid the note when due, but without knowledge that the disease of the horse was other than a cold, and after its death brought suit upon the express warranty. *Held,* that there had been no waiver of the warranty.

3. The signing of such note was not a reduction of the contract to writing, which would render parol evidence of the warranty inadmissible, since the note did not in terms purport to state the whole contract but was merely a document in execution of a part thereof.

4. A question for a special verdict, "Did the defendant sell and the plaintiff buy said horse for a sick horse, the plaintiff taking his chance?" was not objectionable as being compound, it being conceded that plaintiff purchased the horse knowing it was sick but supposing it to be sick only with a cold, and the material part of the question being merely whether or not he agreed to assume the risk of such sickness as the horse might have.

APPEAL from a judgment of the circuit court for Door county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

The plaintiff purchased from the defendant a horse for $90, which was warranted to be well and sound except for a cold. On the completion of the negotiation, plaintiff paid $40 down, and, having left at home a certificate of deposit for $50, was unable to pay the balance then, whereupon a note was prepared by the defendant and signed by the plaintiff for $50, payable three days afterwards, providing that the sale of the horse was upon condition that ownership and possession should not pass from the defendant until the note was paid, and that the defendant had power to declare the note due, take possession of the horse, and sell the same at public or private sale, upon five days' notice, at any time he might deem himself insecure. Thereupon the plaintiff took the horse to his home, at Egg Harbor, about twenty miles from Sturgeon Bay, the place of purchase. The following day (Sunday) she was worse, and on Monday and Tuesday a neighbor was called in, who unsuccessfully attempted treatment, without discovering that her trouble was otherwise than a cold. Late Tuesday night a veterinary surgeon was called, and treated the horse, which, however, died on Wednesday, of a disease then found to be *puerpura hemorrhagic,* a kind of blood poisoning, which the evidence tended to show must have existed before the date of the purchase. On Tuesday, the day the note was due, the plaintiff sent his certificate of deposit to the bank at Egg Harbor, to pay the note above mentioned. Plaintiff brought suit for damages for breach of warranty.

Nauman vs. Ullman.

A special verdict was taken, which found (1) the sale of the horse for $90; (2) the giving of the note; (3) that plaintiff paid said note after he ascertained that the horse was very sick, and after he called a veterinary surgeon to treat him; (4) that the defendant did not sell and the plaintiff did not buy said horse for a sick horse, the plaintiff offering to take his chance; (5) that the defendant warranted the horse to be sound and well, except that she was sick with a cold; (6) that the horse was not sound and well, except sick with a cold, at the time the warranty was made; (7) that the horse was of no value; (8) that had she been sound and well, except sick with a cold, she would have been worth $135. The first, second, third, and eighth questions were answered by the court. Defendant moved for judgment on the verdict, and also moved to set aside the verdict and for a new trial, both of which motions were overruled, and judgment entered for $135 and costs; the court holding, in the order denying the motion for judgment, that the evidence did not show that the plaintiff, while knowing the horse to be sick at the time of paying the note, had any knowledge that such sickness was other than a cold. From the judgment so entered the defendant appeals.

For the appellant there was a brief by *Eastman & Martineau*, and oral argument by *P. H. Martineau*. They argued, among other things, that the sale was a conditional sale, and the plaintiff, by accepting and paying for the horse after he knew of its sickness, waived the defect, even if covered by a warranty. *Wadleigh v. Buckingham*, 80 Wis. 230, 236; *Briggs v. McEwen*, 77 Iowa, 303; Benj. Sales, § 334; 21 Am. & Eng. Ency. of Law, 633; *Thayer v. Davis*, 75 Wis. 205–208; *C. Aultman & Co. v. Silha*, 85 Wis. 364; *W. W. Kimball Co. v. Mellon*, 80 Wis. 144; *Locke v. Williamson*, 40 Wis. 377; *Olson v. Mayer*, 56 Wis. 551; *Keller v. Oberreich*, 67 Wis. 282; *McClure v. Jefferson*, 85 Wis. 208; *Thompson v. Libby*, 36 Minn. 287; *Benson v. Monroe*, 7 Cush. 125;

*Harrison v. Milwaukee*, 49 Wis. 252. The note given was a formal written agreement of sale, and no oral warranty could be shown. *Milwaukee B. Co. v. Duncan*, 87 Wis. 120; *McQuaid v. Ross*, 77 Wis. 470.

*Y. V. Dreutzer*, for the respondent.

DODGE, J. 1. The first, second, and eighth assignments of error raise generally the question of the sufficiency of the evidence to support the verdict. The defendant contends that by the terms of the note the sale was conditional and executory; that payment of the same constituted an acceptance of the horse and a waiver of the breach of the warranty, which breach, he contends, the answer to the third question finds was then known to plaintiff.

It is unnecessary to decide whether the giving of the note in question transposed the transaction into an executory sale, so that, as defendant claims, the acceptance of the horse did not occur until the payment of the note; for, even if defendant's full contention on that point be conceded, it does not appear that plaintiff, at the time of such payment, had knowledge of the defect or unsoundness which constituted the breach of express warranty, which defect, according to all the evidence, was not patent and obvious. True, it is found by the special verdict, in answer to the third question, that plaintiff did know that the horse was very sick, but that question was put and answered by the court, and the appellant has brought up the court's own construction thereof, namely, that such knowledge was only of sickness consistent with a cold, and that neither the evidence nor said special verdict shows any knowledge of the existence of any other disease or unsoundness. We must presume, unless the contrary clearly appears, that the trial court correctly understood and construed his own acts. We also think the court was right in concluding there was not evidence to support a finding that the plaintiff knew of

any unsoundness, other than a cold, when he paid the note. In that view, there is nothing to constitute a waiver of the warranty, and the case falls clearly within the rule that one buying an article upon an express warranty may sue for any damages resulting from a breach without returning or offering to return such article. *Bonnell v. Jacobs,* 36 Wis. 59; *Morehouse v. Comstock,* 42 Wis. 630; *Warder v. Fisher,* 48 Wis. 338; *Buffalo B. W. Co. v. Phillips,* 67 Wis. 129.

2. The third and fifth assignments of error present an objection to the fourth question of the special verdict: "Did the defendant sell and the plaintiff buy said horse for a sick horse, the plaintiff taking his chance?" This is objected to as compound, and it is claimed that the first part of the question could not have been answered otherwise than "Yes." This contention is probably correct, but serves as an answer to the objection to the question; for conceding, as all the evidence shows, that the plaintiff purchased the horse knowing it was sick, but supposing it to be sick only with a cold, the material part of the question was whether he agreed to assume the risk of such sickness as the horse might have. The question is therefore single, and a negative answer thereto by the jury necessarily disposes of the contention on that branch of the case against the defendant.

3. The fourth assignment of error raises only the question whether there was any evidence to go to the jury of the making of a warranty that the horse was sound and well, except for a cold. There is abundant evidence at least tending to prove that there was such oral warranty. The defendant contends, however, under both the fourth and the seventh assignments of error, that the signing of the note above referred to was a reduction of the contract to writing, so that any evidence of a parol warranty was inadmissible. This contention cannot be sustained, for it is obvious that the note does not in terms purport to state the whole contract, and the evidence of the transaction makes still clearer

the fact that it does not. It was only a method of evidencing a promise to pay a portion of the purchase price, and to secure the same. It was a document in execution of a part of the contract in fact made, instead of one purporting to declare the terms of the contract. Such writing does not exclude proof of a parol warranty. *Hahn v. Doolittle*, 18 Wis. 196; *Red Wing Mfg. Co. v. Moe*, 62 Wis. 240; *Smith v. Coleman*, 77 Wis. 343.

We discover no error in the record.

*By the Court.*— Judgment affirmed.

