## PRIOR *v.* HILTON & DODGE LUMBER COMPANY.

1. If two parties contract upon a consideration that an option given or offer made by one to the other shall remain open and subject to the acceptance of the latter until a stated time, this makes a binding contract to that effect. But a mere proposition or offer, based on no consideration, though continuing in character, or though stated to be subject to acceptance until a given time, may be withdrawn before actual acceptance or assent thereto by the other party.

(*a*) Although a continuing offer may be withdrawn before acceptance, if it is accepted before it is withdrawn or terminates, a contract results.

2. A petition alleged that the defendant offered to employ the plaintiff "to cut for it cypress, ash, and cottonwood timber at seven dollars ($7.00) per thousand feet, and pine timber at six and 50/100 dollars ($6.50) per thousand feet, from the Sams lands at Cohen's bluff on the Savannah river, in the State of Georgia, and to rent to him ox teams to haul said timber at twenty-five cents per yoke per day, and timber carts at twenty-five cents each per day, which said offer was to remain open until the 22nd day of September, 1908." It was further alleged, that, on the 21st day of September thereafter, the plaintiff accepted this offer, but that the defendant refused to allow him to perform the contract. *Held,* that the contract sought to be enforced was too uncertain and indefinite to furnish a basis for the recovery of damages for its breach on the ground that the plaintiff had lost profits which he would have derived from its performance.

December 11, 1913.

Action for breach of contract. Before Judge Sheppard. McIntosh superior court. November 29, 1912.

A. M. Prior brought suit against the Hilton & Dodge Lumber Company, seeking to recover damages for a breach of contract. The petition alleged in substance as follows: On September 14, 1908, the defendant, through its authorized agent, "offered to employ him to cut for it cypress, ash, and cottonwood timber at seven dollars ($7.00) per thousand feet, and pine timber at six and 50/100 dollars ($6.50) per thousand feet, from the Sams lands at Cohen's bluff on the Savannah river, in the State of Georgia, and to rent to him ox teams to haul said timber at twenty-five cents per yoke per day, and timber carts at twenty-five cents each per day, which said offer was to remain open until the 22nd day of September, 1908." At the instance of the defendant's agent, the plaintiff went to the land and examined it, and returned to Savannah and notified the defendant on the 21st day of September, 1908, that he accepted its offer as above made to him. When he did so, the defendant refused to allow him to perform the contract,

alleging as a reason therefor that it had already made a contract with another party to cut the timber. He expended the sum of $33 to examine the tract of land and the timber thereon, preparatory to accepting the offer thus made to him. There was on the tract of land at least a half million feet of cypress, ash, and cottonwood timber, and at least a half million feet of pine timber, and the reasonable profit which the plaintiff would have made, if he had not been prevented by the defendant from carrying out his contract, would have been $3.00 per thousand feet, aggregating $3,033. On general demurrer the court dismissed the action, and the plaintiff excepted.

*G. W. Owens,* for plaintiff. *P. W. Meldrim,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) Two grounds were urged in argument to sustain the judgment dismissing the plaintiff's petition: (1) That the contract was unilateral, lacking in mutuality, and without consideration; (2) That it was void for uncertainty.

1. The first contention stated was not well founded. Where for a consideration an option is given, or offer made, which it is agreed shall remain open and subject to acceptance for a specified time, the party who thus grants the right to accept during such specified time can not withdraw the right of the other party to accept or assent within that time. In such a case the right to accept or assent within the specified time is a right fixed by contract. If without consideration a continuing offer is made, although the person making it may state a time within which it may be accepted, there is no binding contract, and he may withdraw the offer before acceptance. The two things should not be confused. In the one case there is a valid contract, based upon a consideration, to allow the offer or proposition to remain open for acceptance until the time specified. In the other case there is a mere offer or proposition, which is not a contract until acceptance. A mere offer or proposition, until accepted, may be withdrawn. If it is accepted before it is withdrawn or terminated, a contract then results. It is no longer unilateral, but becomes mutual, and the mutual promises will furnish sufficient consideration. If no time is prescribed for accepting an offer, it must be done within a reasonable time. Civil Code (1910), § 4230; *Black* v. *Maddox,* 104 *Ga.* 157 (30 S. E. 723); *Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282, 286 (75 S. E.

354); 21 Am. & Eng. Enc. Law (2d ed.), 926, 929, 933. What contracts must be in writing, or evidenced by writing, under the statute of frauds, is not raised by the demurrer or involved here. ..

In the present case it was alleged that a proposition had been made by the defendant to the plaintiff, subject to acceptance within a specified time, and that it was accepted within that time. There is nothing on the face of the petition to show a withdrawal of the proposition before its acceptance. It was alleged that when the plaintiff notified the defendant that he would accept the proposition, the latter refused to permit him to perform the contract, giving as a reason therefor that it had already made a contract with another party. This was not sufficient on its face to show a withdrawal of the offer or proposition made to the plaintiff before its acceptance, so as to render the petition subject to a general demurrer. Where a person makes a continuing offer to another, the mere fact that he makes a similar offer to a third person, or that the latter accepts it, does not ipso facto amount to a withdrawal of the outstanding offer first made. To withdraw a continuing offer comprehends something more than the making of an offer to another or an agreement with him.

2. The contract alleged was too vague and uncertain to furnish a basis for a recovery of damages. It was alleged that the defendant offered to employ the plaintiff "to cut for it cypress, ash, and cottonwood timber" at a certain rate per thousand feet, "and pine timber" at a specified rate per thousand feet, "from the Sams lands at Cohen's bluff on the Savannah river, in the State of Georgia, and to rent to him ox teams to haul said timber at twenty-five cents per yoke per day, and timber carts at twenty-five cents each per day." It was not stated whether the plaintiff was to cut from the tract of land known as the Sams lands all of the timber of the character mentioned to be found thereon, or only timber of certain sizes or suitable for certain purposes, or how much timber he was to cut. There was no statement as to when the cutting was to be done, or where the timber was to be delivered. It was not stated how many ox teams or timber carts were to be furnished by the defendant, or when. If a contract were substantially alleged, perhaps some details might be supplied on the doctrine of reasonable time or reasonable requirement as to what was to be furnished. But the offer here alleged, and which it was claimed became a contract by

acceptance, was too uncertain to furnish a basis for recovery. *Buick Motor Co.* v. *Thompson,* supra. On this ground there was no error in sustaining the demurrer.

> *Judgment affirmed. All the Justices concur.*