### BOND & MAXWELL *v.* PERRIN.

1. In case of a sale of a chattel, where the parties have reduced to writing what appears to be a complete and valid contract of sale, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements as to the quality of the chattel is inadmissible to add to, take from, or vary the written instrument.
2. The terms of a contract for the sale of personal property may be embodied in a promissory note, and will be binding upon both parties after the note has been delivered by the maker and accepted by the payee, and the property delivered in pursuance of the contract, notwithstanding the paper was not signed by the payee.
3. In a written contract of sale of a chattel, the writing may express warranties, excluding certain warranties which the statute implies; but if it omits to do so, the law writes into the instrument, as by implication, that the seller warrants that he has a valid title and right to sell, that the article sold is merchantable and reasonably suited to the use intended, and that he knows of no latent defects undisclosed.
4. Where the implied warranties become a part of such written instrument, they are protected, as any other part of the paper, from change or alteration by parol.
5. The consideration expressed in such a contract may be varied by parol evidence.
6. If the writing does not purport to express all the terms of the contract,

the terms which are omitted may be supplied by parol, if the contract is not one which the law requires to be in writing; but those which are embodied in the instrument, either by express terms or by implication, can not be added to or varied by parol.

7. The principles announced in the opinion in *Pryor* v. *Ludden & Bates Southern Music House*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267), do not conflict with the principle announced in the decision of *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711).

8. Applying the law as announced in the preceding notes to the case under consideration, it was incompetent to set up and prove by parol so much of the special plea as sought to set up express warranties as to the quality of the property, but competent to set up and prove by parol other portions of the plea, as will fully appear in the opinion.

MAY 11, 1916.

Certified questions; from Court of Appeals (Case 6204).

The Court of Appeals certified to the Supreme Court the following questions:

"1. A suit at common law was instituted to recover the amount due as purchase-money for a certain automobile, under the terms and conditions of the following note and contract:

'$280:00.                    Elberton, Ga., October 2nd, 1913.

'On or by Dec. 25th after date I promise to pay to the order of Bond & Maxwell, or their assigns, two hundred and eighty dollars, payable at Elberton, Ga., with interest from date at the rate of eight per cent.; also ten per cent. on principal and interest as attorney's fees, and all cost of collection. This note is given Bond & Maxwell for one Maxwell Auto Model Ga. No. 4395. The ownership and title to the above-described property is retained by Bond & Maxwell under the provision of sec. 2776 of the Code of Georgia (1895). It is further agreed and provided by section 3543 of the Code of Georgia (1895), that if said property dies, or is destroyed, that the loss shall fall upon the maker or makers of this note. Now, in order to better secure the debt described, hereby sell and convey to Bond & Maxwell the full and complete title as provided in section 2771 of the Code of Georgia (1895), to the following property, to wit:_____ and have received obligation to reconvey as provided in said section 2771. It is further agreed that actual delivery of the property herein conveyed to Bond & Maxwell shall be dispensed with, and that my possession of all the property herein described shall be for them and shall be unlawful after the maturity of this debt, and may be taken by Bond & Maxwell or his assigns,

agents, or attorneys without process of law. I further agree that I will make no charge for keeping any of said property, and that I will pay as hire for the same an amount equal to the interest and attorney's fees due at any time on this debt. I further agree that any payments made by me to Bond & Maxwell, or his assigns, shall be first applied to any unsecured debts I may owe them, and then to this obligation. I further agree that if Bond & Maxwell, or his assigns, should take possession of any or all of the property herein described, that they may sell the same at public outcry, for cash, after ten days notice to me in writing of the time and place of sale, and that the proceeds shall be applied to the payment of this debt. If more than enough to pay the debt, the surplus to be paid to me or my assigns. If not enough to pay this debt, then I shall be liable under this contract for any balance remaining unpaid. The makers, endorsers, and securities hereto hereby waive the benefit of all homestead and exemption rights. Given under the hand and seal of each.

'G. G. Perrin (L. S.)

'Executed and delivered in the presence of L. L. Maxwell, Witness.

'Filed in office this January 20th, 1914. W. A. Rucker, Clerk.'

"Under the ruling made in *Pryor* v. *Ludden & Bates*, 134 *Ga.* 288, was it allowable in this suit for the defendant to interpose and support by parol evidence the following defenses, to wit:

'6. Defendant, for affirmative plea in his behalf, says that the consideration of the note sued upon represents a portion of the purchase-price of one Maxwell Auto, Model Ga. No. 4395, as shown on the face of said note; the said automobile having been sold to defendant by plaintiffs for one horse valued in the trade at $150, one wagon valued in the trade at $50, and the note sued upon, and that the consideration of said note has totally failed, by reason of the facts hereinafter set out.

'7. Defendant purchased said automobile from plaintiffs as a second-hand automobile, but upon the express warranty of plaintiffs that the said machine was in good condition, was as good as new, and was reasonably suited to the uses of which defendant intended it, that is, for the ordinary uses and purposes for which an automobile is intended; and that relying on this express warranty of plaintiffs, and without actual or constructive notice or knowledge of the true condition of said machine,

which was known at the time to plaintiffs, purchased the said automobile, giving therefor the said wagon, horse, and said note.  .  .

'9. When defendant purchased said automobile it was in point of fact totally worthless, entirely unfitted for the purpose ordinarily intended for an automobile, and was absolutely unmerchantable, by reason of the following facts existing at the time of the purchase: the engine, gearing, and all parts of the machinery of said car were so badly worn and damaged as to wholly unfit them and prevent them from performing their several functions in propelling the automobile. The magneto and coils of said machine were so worn and in such a defective condition and [as] to make them useless and wholly worthless; and said automobile is now and was then of no value whatever.

'10. Defendant, when he purchased the said automobile, did not know and could not have known of the defects existing in said machine, he being unexperienced with machinery and ignorant of the mechanism of an automobile, and purchased the said car relying upon the aforesaid warranties as to the worth and value of the same made by plaintiffs, old and experienced automobile dealers.  .  .

'12. By reason of the facts aforesaid, the consideration of said note has totally failed, and defendant is not liable. to plaintiffs.

'13. By reason of the breach of the express warranty of plaintiffs, as aforesaid, defendant has been damaged in the following sums: $150, the value of the trade of the horse; $50, the value of the trade of the wagon; and $75, the amount expended by defendant in an effort to put the said automobile in the condition warranted by plaintiffs; and defendant prays that the court give him judgment against the plaintiffs for the sum of two hundred and seventy-five dollars, the total amount of the sums aforesaid.'

"2. The contract which forms the basis of the suit in *Pryor v. Ludden & Bates,* supra, as appears from the original record, reads as follows:

'Read carefully before signing. No verbal promises recognized against this contract.

'$350.                              Savannah, Ga., Jany. 28th, 1907.

'Received of Ludden & Bates S. M. H., under conditional contract for the sale thereof, as hereinafter stated, one Kohler &

Campbell piano, Style H. Mah. No. 39184, on which I have this day paid $25; and in addition hereby promise to pay Ludden & Bates S. M. H. the sum of three hundred and seventy-five dollars, Oct. 15th, '07, $96 on the 15th day of each successive Oct. till paid in full, until the above-named sum with interest shall have been paid in full. This note is given for purchase-money of items mentioned herein, and titles to and ownership of said items remain in and continue of Ludden & Bates Southern Music House until all payments are made in full, and the default of payment of any of the above installments, as they become due, the remaining payments shall immediately become due and collectible; and if I fail to pay this note at maturity, and the same is placed in the hands of an attorney for collection, then in that event I hereby admit that I have damaged said Ludden & Bates Southern Music House ten per cent. on the amount of said debt by forcing them to employ an attorney on account of my default, and said damages is hereby declared, for value received, to be liquidated and collectible as a part of said original debt. Should I fail to make the payment in the specified time, it is agreed that Ludden & Bates Southern Music House, through their agency or attorney, may either enforce payment by law or enter the premises of any one holding or claiming such items and take possession of same, either with or without process of law. Any amount previously paid shall be considered as liquidated damages for past use and wear thereof. Each of us, whether maker or endorser, hereby severally waives and renounces, each for himself and family, all rights of homestead, short homestead, or other exemption rights we may have under or by virtue of the constitution or laws of Georgia, or any other State of the United States, as against this debt or any renewal thereof. I agree not to remove said instrument from the premises known as Oliver, Ga., without the written consent of Ludden & Bates S. M. H., except in case of fire; and I will be responsible for all loss or damages that may accrue to said instrument while in my possession. To further secure this debt,_____hereby mortgage and convey to Ludden & Bates Southern Music House the following described property, to wit:_____It is understood and agreed that if Mr. Pryor take up the above full amount by Jan. 1st, '08, he is to be allowed a disct. of $35 from the full amount.

'Witness: H. G. Browne.         A. M. Pryor (L. S.)'

"The Court of Appeals certified to the Supreme Court the following question of law: 'Where there is a sale of a specific article of personal property, such as a certain particular piano, and the purchaser gives to the seller a promissory note stating that the consideration thereof is the particular designated article sold, and the note is otherwise silent as to representations and warranties, is the defendant precluded by what is commonly called the "parol-evidence rule," or by any other principle of law, from pleading, in defense to an action on the note, that the plaintiff represented that the piano was new and was suitable for the use for which such articles are usually and generally intended (i. e., in the case of a piano, that it was new and capable of being used as a musical instrument), and that the defendant, acting on this representation and warranty, and without actual or constructive knowledge of its true condition, bought it, when in point of fact it was worse than second-hand and not capable of the use mentioned (i. e., in the case of the piano, of being used as a musical instrument)?' Answering this question, the Supreme Court ruled in the headnote as follows: 'Where a note recites that its consideration is the purchase-price of a particularly described piano, in a suit thereon by the promisee the maker may plead, in defense of the action, that the plaintiff represented that the piano was new and capable of being used as a musical instrument, and that the defendant, acting on this representation and warranty, and without actual or constructive knowledge of its true condition, bought it, when in point of fact it is worse than second-hand and not capable of being used as a musical instrument.' The court further said: 'Applying these observations to the query of the Court of Appeals, we do not think that a note which expresses that the consideration thereof is the purchase-price of a specific article (nothing more appearing) indicates upon its face that the terms of sale have been integrated in the writing, and parol evidence is admissible to show a failure of consideration consequent upon a breach of a contemporaneous parol express warranty.' Was the ruling of the Supreme Court, as embodied in the headnote above quoted, based upon the conception that the contract involved in *Pryor* v. *Ludden & Bates,* supra, was a simple note for the purchase-money of a specific article, without embracing any other terms and conditions whatsoever therein?

"3. If the ruling in *Pryor* v. *Ludden & Bates,* supra, is *not* based on the assumption that the contract sued upon in that case simply expressed the consideration thereof as the purchase-price of a specific article, and *nothing* more appeared in the contract, is not that case in conflict with *Bullard* v. *Brewer,* 118 *Ga.* 918? The note in the last-mentioned case is as follows:

'Elberton, Ga., June 16th, 1899.

'$50.          Nov. 15th, after date, I promise to pay to S. S. Brewer, or order, fifty dollars, payable at E. L. & S. bank, with interest from date at the rate of 8% per annum, with all cost of collection, including 10% attorney fees. This note having been given to S. S. Brewer as per contract for one black horse about seven years old, a little thick-winded. It is hereby agreed that the ownership and title to said horse shall remain in said S. S. Brewer until this note is fully paid; and it is distinctly understood that I take the risk of the horse dying. [Then follows usual homestead waiver, and authority to the payee to take possession of the horse at the maturity of the note if the debt should not be paid.] Given under my hand and seal this 16th day of June, 1899.

'Attest T. W. Campbell, N. P.          D. C. Bullard. L. S.'

"The court apparently adopted the rule laid down in 2 Mechem on Sales, § 1254: 'The rule is well settled that where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between the parties, and parol evidence of prior, contemporaneous, or subsequent conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument. If, therefore, such a writing exists between the parties, and it contains no warranty at all, no warranty can be added by parol; if it contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge, or modify that which the writing specifies.' The court further held: 'It is quite evident that the note given for the horse, in the present case, was a complete, unconditional, and unambiguous contract. There is nothing whatever to indicate that it did not contain all the terms of the agreement between the par-

ties. It stated the amount of the principal, the rate of interest, and when and where it should be paid, the consideration, that the title to the horse should remain in the seller until the note was fully paid, that the buyer was to take the risk of the horse dying, that homestead was waived, and that the seller should have the right to take possession of the horse if the debt was not paid at maturity. It follows, therefore, that the testimony of the plaintiff, to which the defendant objected, because it tended to vary the terms of the written contract, should have been excluded.' Did the Supreme Court mean to adopt as the law of force in this State the quotation given above from 2 Mechem on Sales, apparently approved in *Bullard* v. *Brewer,* supra? Is there any distinction between the contract in *Pryor* v. *Ludden & Bates,* supra, and *Bullard* v. *Brewer,* supra, which will render it legally possible in the one case to set up parol express contemporaneous warranties, and in the other impossible, since neither of these two contracts contains any express warranty or any express waiver of warranty? Is there any conflict between the *Pryor* case, supra, and the *Bullard* case, supra; and if so, which case lays down the correct rule?"

*Thomas J. Brown* and *W. D. Tutt,* for plaintiffs.

*Worley & Nall,* for defendant.

ATKINSON, J. 1-6. The discussion in the case of *Pryor* v. *Ludden & Bates Southern Music House,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267), takes a broad range and announces doctrines which may be summarized as follows: (1) In the case of a sale of a chattel, where the parties have reduced to writing what appears to be a complete and valid contract of sale, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements as to the quality of the property is inadmissible to add to, take from, or vary the written instrument. (2) The terms of such a contract may be embodied in a promissory note, and will be binding upon both parties after the note has been delivered by the maker and accepted by the payee, and the property has been delivered in pursuance of the contract, notwithstanding the paper was not signed by the payee. (3) In a written contract of sale of a chattel, the writing may express warranties of

such character as to exclude certain warranties which the statute implies; but if it omits to do so, the law writes into the instrument, as by implication, that the seller warrants that he has a valid title and right to sell, that the article sold is merchantable and reasonably suited to the use intended, and that he knows of no latent defects undisclosed. (4) When such implied warranties become a part of such written instrument, they are protected, as any other part of the paper, from change or alteration by parol. (5) In such a contract the terms of the contract expressing the consideration may be varied by parol. (6) If the writing does not purport to express all of the terms of the contract, the terms which are omitted may be supplied by parol, if the contract is not one which the law requires to be in writing; but those terms which are embodied in the contract, either by express terms or by implication, can not be added to or varied by parol.

The authorities cited in the opinion support the several propositions above stated. It is unnecessary to restate them here. Since the rendition of that decision other decisions have been rendered both by this court and the Court of Appeals, dealing with one or more of the propositions stated. *John A. Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 464 (83 S. E. 138, 54 L. R. A. (1915B) 900); *Anthony* v. *Cody,* 135 *Ga.* 329 (69 S. E. 491); *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (73 S. E. 1063); *Anthony Shoals Power Co.* v. *Fortson,* 138 *Ga.* 460 (75 S. E. 606); *Whigham* v. *Hall,* 8 *Ga. App.* 509 (70 S. E. 23); *Toller* v. *Hewitt,* 12 *Ga. App.* 496 (77 S. E. 650).

7. The principles decided in *Pryor* v. *Ludden & Bates,* supra, conform to the ruling in *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711). The latter case involved a paper which purported to set out all the terms of a valid contract of sale; and it was held that they could not be varied nor others added by parol. The decision, however, did not deal with the questions which would be involved if the paper did not purport to contain all the terms of the contract. It was cited as authority in the case of *Pryor* v. *Ludden & Bates,* to the extent of the principles therein applied. According to the question propounded by the Court of Appeals to this court in the case of *Pryor* v. *Ludden & Bates,* the note did not purport to set out all of the terms of

the contract of sale, but merely "that the consideration thereof is the particular designated article sold, and the note is otherwise silent as to representations and warranties." Answering the question on the basis that the note contained terms as indicated above, "and nothing else appearing," as pointed out in the decision by this court, it was ruled, on the hypothesis that the note did not purport to set out the terms of sale, that the matters set up in the special plea could be proved by parol. It thus appears that there was a difference in the result of the two cases, but no conflict in the principles announced. In later decisions the doctrines of both cases have been recognized, and the distinction above mentioned pointed out. *Case Threshing Machine Co.* v. *Broach,* and *Anthony Shoals Power Co.* v. *Fortson,* supra.

8. Applying the law as announced in the preceding divisions of the opinion to the case under consideration, we hold: (*a*) The paper purports on its face to show all the terms of a valid contract of sale of certain personal property. (*b*) The paper contains no reference to the subject of warranties, and the warranties implied by law are a part of the written contract, as by implication. (*c*) The warranties as to the soundness of the automobile as set out in the special plea are different from the implied warranties included in the contract, and can not be set up and proved by parol. (*d*) That part of the special plea which sets up that, in addition to the note, a horse and wagon was given as a part of the consideration for the automobile, being explanatory of the consideration, could be set up and proved by parol. (*e*) So much of the special plea as set up a breach of the implied warranties as to the quality of the automobile, and upon the strength thereof alleged failure of consideration of the note, could also be shown by parol; and so could damages to cover the cost of repairing the machine be proved by parol, if the circumstances were such as would otherwise render such damages recoverable.

*All the Justices concur, except Lumpkin and Beck, JJ., dissenting.*

Lumpkin, J. I can not concur in the ruling made in this case. I do not think that the contract is a complete contract of sale, or purports to be such, so as to exclude defenses of breach of express parol warranty or failure of consideration. The in-

strument is in substance a promissory note for the purchase-price of a machine, with a reservation or reconveyance of title to the vendor, to secure the amount of the note. It is not a bill of sale or a conveyance, and does not purport to deal with the question of warranty. If the purchaser had given a promissory note for purchase-money and a mortgage to secure it, this would not have constituted a complete contract of sale. Nor does this instrument now before us do so. A careful consideration of the various cases on the subject will show that those relied on in the opinion of the majority do not control the case. Nor do I think that the point actually decided in *Pryor* v. *Ludden & Bates Southern Music House,* 134 *Ga.* 288, goes as far as the majority of the court indicate. Nauman v. Ullman, 102 Wis. 92 (78 N. W. 159); *Kemp* v. *Byne,* 54 *Ga.* 528; *John A. Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 464. In *Bullard* v. *Brewer,* 118 *Ga.* 918, relative to the animal sold there was a provision in the contract that it was "distinctly understood that I take the risk of the horse dying." There was also the expression, "a little thick-winded," which was discussed as not constituting an express warranty, yet being a declaration which modified the implied warranty otherwise arising. I am authorized to say that Beck, J., joins in this dissent.