## 6204. BOND & MAXWELL *v.* PERRIN.

WADE, J. Under the rulings of a majority of the Supreme Court upon the questions certified in this case, the judge of the city court erred in refusing to grant a new trial upon the special grounds set out in the amendment to the motion for a new trial. *Bond & Maxwell* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954). *Judgment reversed.*

DECIDED MAY 30, 1916.

Complaint; from city court of Elberton—Judge Grogan. November 12, 1914.

The action was for an amount alleged to be due under the terms of an instrument in the form of a promissory note, with a recital that it was given for a described automobile, and with provisions to the effect that the title should remain in the vendors until payment of the debt, and that in the event of destruction of the property the loss should fall upon the maker of the note, and additional provisions relating to the security for the payment of the debt and to its collection. The instrument was silent as to any warranty on the part of the vendors. The defendant pleaded failure of consideration and breach of warranty, and prayed that he be awarded damages in a stated sum for the alleged breach of the contract. The verdict was for the plaintiffs, but for an amount less than that

of their claim, and they made a motion for a new trial, in which, besides complaining of the verdict, they alleged, that the court erred in giving certain instructions to the jury, to the effect that the defendant would be entitled to recover if there was a breach of an express warranty as contended; and that the court erred in admitting, over the objection of the plaintiffs, the following testimony of the defendant: "When I bought the automobile from Mr. Maxwell and before I signed the note sued on, Mr. Maxwell, who is a member of the plaintiff firm, warranted the car to be as good as new. I didn't know anything about automobiles, and I bought the car upon the express warranty of Mr. Maxwell that it was as good as new." The grounds of objection presented by the plaintiffs when this testimony was offered were: that the contract of sale was in writing and showed a definite and complete contract, and parol evidence was not admissible to add to, vary, or contradict its terms; that in the absence of any allegation of fraud, accident, or mistake, it would be conclusively presumed that all prior or contemporaneous representations were integrated in the written contract; and that as the contract was certain and complete and contained no warranty, an express warranty could not be added by parol testimony.

The case came to the Court of Appeals on exceptions to the overruling of the motion for a new trial, and this court submitted to the Supreme Court the question whether it was allowable for the defendant to interpose and support by parol evidence the defenses set up in his pleas. Questions were also submitted as to the effect of the decisions of the Supreme Court in the cases of *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267), and *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711), and as to whether these decisions were in conflict. The certified questions, with a copy of the written instrument involved, and the opinion of the Supreme Court thereon, appear in 145 *Ga.* 200 (88 S. E. 954). That court (two Justices dissenting) held: "Applying the law as announced . . , it was incompetent to set up and prove by parol so much of the special plea as sought to set up express warranties as to the quality of the property, but competent to set up and prove by parol other portions of the plea as will fully appear in the opinion."

*Thomas J. Brown, W. D. Tutt,* for plaintiffs.
*Worley & Nall,* for defendant.