## 8060.    POOLE *v.* ELBERTON & EASTERN RAILWAY CO.

1. A written contract of conveyance of a right of way to a railroad company, duly executed and delivered by an owner of land, can not be varied by oral testimony to the effect that he executed and delivered the contract upon agreement by the agent of the railroad company that the company would so construct its railroad as not to interfere with the use of his land, on either side of the right of way, for pasturage purposes.
2. The plaintiff's evidence did not establish a cause of action as pleaded, and the court properly granted a nonsuit.

DECIDED APRIL 3, 1917.

Action for damages; from Wilkes superior court—Judge Park presiding.    August 8, 1916.

*J. M. Pitner, Colley & Colley,* for plaintiff.

*Z. B. Rogers, W. A. Slaton,* for defendant.

LUKE, J.   The plaintiff sued the railway company for its failure, as he contended, to carry out a contract relating to certain land. The petition alleged: "They desired a right of way across the above-described premises.   Petitioner told them that he was willing for them to have a right of way, but that he was using said premises for a pasture, and wished to continue that use of the same.   The agent of said railway company taking the contract for a right of way and representing the company agreed that his rights and his use as to the said premises for the purpose of pasturage should be fully protected; that they would install good and sufficient cattle-guards in connection with said premises, so as to allow him to safely place his stock within the same, and that his use of the same should not be impaired or interfered with.   The said railway company also agreed that as they would have to have a considerable embankment across said premises, and one which could not be surmounted by his cattle, that they would provide him with a safe passageway across his pasture, so that his stock could use the pasture on either side of said right of way. .  .   Said railway company has entirely failed to carry out the said agreement

and contract. No cattle-guards of efficient kind have been placed or provided for, nor has any passageway, as agreed in said contract, been prepared." The plaintiff further alleged that by reason of the failure of the defendant to carry out its contract, he had been damaged seventy-five dollars each year for the three years next preceding the filing of the suit. The testimony discloses that the plaintiff had executed and delivered a warranty deed to the defendant, conveying fee-simple title, upon the consideration of one dollar, to a right of way one hundred feet wide across the land described in the plaintiff's petition. The deed made no such reservation and agreement as alleged by the plaintiff, and the court refused, over objection, to permit the plaintiff to vary the terms of the deed by testifying that it was a part of the contract of conveyance that the defendant was to erect certain cattle-guards, At the conclusion of this evidence the court granted a nonsuit, and the plaintiff excepts.

It is clear that the plaintiff sought by his evidence to vary the written contract. The promise of the agent before the execution of the written contract could not be admitted in evidence for the purpose of varying the terms of the contract. There is nothing to show that there is an ambiguity in the deed, or that fraud was practiced upon the plaintiff by the defendant. There is nothing appearing which brings the written contract within any one of the exceptions that would permit of the introduction of parol evidence. To have permitted the plaintiff to testify as proposed would be a plain violation of section 5788 of the Civil Code of 1910, wherein it is provided that "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." *Murray County* v. *Wilson,* 140 *Ga.* 689 (79 S. E. 783), and cases there cited. The court did not err in granting the nonsuit.

*Judgment affirmed. Wade, C. J., and George, J., concur.*