11414. GEORGIA BOX & MANUFACTURING COMPANY *v.* SOUTHERN BOTTLERS SERVICE COMPANY.

1. The exclusive-agency contract set up in the defendant's plea was too vague and indefinite to be enforced at law; and the damages claimed were too remote and speculative to be recovered.
2. The plea of fraud in the procurement of the note sued on was insufficient.

DECIDED MAY 12, 1920.

Complaint; from city court of Floyd county — Judge Nunnally. February 9, 1920.

*Willingham & Covington,* for plaintiff in error.

*Denny & Wright,* contra.

SMITH, J. 1. The plaintiff sued upon a promissory note. The petition contained the usual allegations, claiming principal, interest, and attorney's fees. The defendant filed an answer and two amendments thereto, raising substantially only two issues: First, that prior to the giving of the note sued upon the plaintiff and the defendant entered into a certain contract whereby the plaintiff contracted and agreed with the defendant that it would sell for the defendant from time to time throughout the year ending in May, 1919, its product, a wooden case or container manufactured by the defendant for the purpose of holding and containing soft drinks in bottles, and that the plaintiff further agreed that it would not sell for any other manufacturer similar articles, but would sell the defendant's said product only. The defendant further alleged that plaintiff did sell its said product up to about February, 1919, and then ceased to sell the same. The defendant admitted that on the date the note sued upon was given it was indebted to the plaintiff in the sum of $661.60 as commissions on prior sales; that part of the same was paid in cash and the note sued upon was given for the balance; that soon after this the plaintiff notified the defendant that it would no longer represent the defendant and no longer offer its said product for sale. The

defendant insisted that the plaintiff go on with the sale of its product. The defendant further alleged that it had manufactured something like 30,000 of said cases or containers, with the expectation that the plaintiff would take and sell the same as it had agreed to do, but that the plaintiff refused and failed to sell any more of its product, and sold cases or containers similar to those manufactured by defendant and used for the same purpose, to the extent of at least 10,000 cases. The defendant was to pay the plaintiff a certain commission on all sales made by the plaintiff. The defendant further alleged, that it was forced to sell 10,000 of its cases or containers at a loss of $480.90, this sum being the difference between the price it would have realized from the sale of the said 10,000 cases if the plaintiff had not breached its contract and the price at which defendant was forced to sell the same; that the total price which the defendant would have realized from the sale of the said 10,000 cases, had the plaintiff not breached the contract, would have been $2,980.90, but that it was forced to sell said cases for $2,500, the best price it was able to obtain after waiting weeks on the plaintiff to discharge its obligations under the contract; and that these cases were sold only after the plaintiff had notified the defendant that it would not carry out its contract with the defendant. The defendant further alleged that the contract was an oral one, and that it agreed that it would not sell its product to any other agent or agency during the life of the contract. *Held,* that the contract set up in this plea was too vague and indefinite to be enforced at law, and that the damages claimed were too remote and speculative to be recovered even if the contract was a binding contract. See *Georgia Cane Products Co.* v. *Corn Products Refining Co.,* 141 *Ga.* 40 (80 S. E. 318); *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (80 S. E. 559).

2. The defendant filed a further plea, which in substance alleged that there was legal fraud on the part of the plaintiff in the procurement of the note sued upon, because the plaintiff had already breached its contract before the note was given, and this fact was unknown to the defendant. *Held,* that this plea did not set up a legal defense of fraud in the procurement of the note. See *Georgia Railroad Co.* v. *Kent,* 92 *Ga.* 782, 785 (19 S. E. 720).

3. Under the above rulings the court did not err in striking

the answer and the amendments thereto, and in thereafter directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*