## 16831. DeVANE *v.* PLUNKETT.

The contract in question, as to the sale of timber, is too vague, indefinite, and uncertain to be the basis of a recovery of damages for its breach. The amendment to the petition was properly stricken on demurrer, and the court did not err in sustaining the demurrer and dismissing the case.

DECIDED DECEMBER 15, 1925.

Action for breach of contract; from Dooly superior court— Judge Crum. September 10, 1925.

On February 5, 1924, plaintiff wrote to the defendant as follows: "I understand that you have skidder and complete logging outfit, and would like to know if you would be interested in setting down your equipment for around one half million feet, and on what basis if you would want to handle the timber. I could either pay you so much to put the timber to the railroad, or would sell you the timber outright. Please let me hear from you by return mail." On February 27, 1924, defendant wrote to the plaintiff the following letter: "Have decided I would buy your timber we looked at at $5.00 a thousand, and will put camp over there as soon as I can. Get your agreements with you [your?] men for the timber straight and write me where to meet you. Poplar, ash, white oak $5.00 per thousand. Red gum and pine $3.00 thousand." Basing his right to recover on the contract alleged to have been created by this correspondence, and the fact that the defendant had made a payment to bind the bargain and entered upon the land and commenced to cut the timber, plaintiff brought suit against the defendant, and alleged that he obtained a one-year lease from the owners of the timber, notified the defendant of the lease, and that the defendant would have until March 2, 1925, to cut said timber; that after the defendant had made said payment he "forthwith entered and began to saw and cut the timber;" that in July defendant ceased to cut the timber; that plaintiff "pur-

chased said timber at the price of $3.00 per thousand feet of poplar, ash, and white-oak timber, and $2.00 per thousand feet for red gum and pine timber, and that he had a profit by reason of said contract with defendant of $2.00 per thousand feet for poplar, ash, and white oak, and $1.00 per thousand feet for red-gum and pine timber;" that at the expiration of the lease there was left "on said lands uncut timber, to wit, 175,000 feet of poplar, ash, white oak, and like timber, and 200,000 feet of red-gum, pine, and like timber." Plaintiff prayed for a judgment for $550, the alleged profit to him on the uncut timber. The defendant filed general and special demurrers to the petition, and filed an amendment to his answer, which was demurred to and disallowed. Thereafter the court sustained the demurrer to the petition and dismissed the case, and the plaintiff excepted.

*S. B. Lippitt,* for plaintiff.

*Watts Powell,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The foregoing statement of facts, in connection with the opinion of the judge in sustaining the demurrer to the petition and dismissing the case, will make clear the issues involved and the rulings of the court. The opinion is as follows: "At the appearance term of this case an order was passed by the court upon the call of the appearance docket, providing for a hearing of the defendant's demurrer to the plaintiff's petition, at chambers, at Cordele, Ga., on the 4th day of September, 1925. On September 4, 1925, at chambers, at Cordele, Ga., counsel for plaintiff and the defendant were each heard on such demurrer, at which time the plaintiff presented the court an amendment to his petition, which was allowed, subject to demurrer, as will appear by order of the court endorsed thereon. At the same time the defendant made and filed a demurrer in writing to the said amendment of the plaintiff, upon which was entered this day an order sustaining the same. After argument on the original demurrer of the defendant, the plaintiff's amendment, and the defendant's demurrer thereto, by consent of counsel for both sides the case was taken under consideration by the court, to be decided at the convenience of the court, counsel for each side to have the privilege of submitting briefs. A law brief from the plaintiff's counsel has been received and duly considered.

"After consideration, I am of opinion that the contract entered into by correspondence between the plaintiff and the defendant, as disclosed by the petition, is too vague, uncertain, and indefinite to be enforced by a decree for the specific performance thereof, or that damages could be awarded for a non-performance thereof. The writings do not show what size trees of either of the kinds of timber sold were to be cut, removed, and paid for. It is common knowledge that where the kinds of timber or trees named in the writings are to be found in this section, the trees are of varying size. It probably also could be said that it is a matter of common knowledge that the large and long-bodied trees of each of the kinds named in the writings, when used for sawmill, or lumber, or stave, or piling, or other purposes, command a higher price per thousand feet than the smaller trees, and that small saplings and trees of small diameter are generally worthless for such purposes. The writings showing that payment was to be made per thousand feet, it is but natural that it was contemplated that the timber mentioned was to be used for some of or similar purposes above named. There is nothing showing that the parties entered upon the lands and marked any of the trees 'we looked at.' If this had been a sale of the timber on the lands mentioned for a certain amount in money, and there had been no restrictions in the writings or reservations as to the size of trees to be cut, then it probably could be said that all of the timber on the lands suitable for the purposes contemplated was sold and should be paid for at the lump price. But this contract was executory. Of course, so far as executed by the defendant entering upon the lands and cutting timber, payment for the timber cut, at the price agreed on, could be enforced; but this suit is one for damages for failing to cut timber of different kinds and to pay for the same at the price per thousand feet that the trees cut produced in lumber or would scale. It is like it was a suit to force the defendant to enter upon the lands described and cut timber therefrom. Could the court say by its decree that the buyer should cut and pay for trees of this or of that size? If it could not, then can the court say that the plaintiff has been damaged in any certain amount for the failure of the defendant to cut, remove, and pay for any particular timber?

"Standing trees being part of the realty, contracts for the sale

thereof must be in writing. We must look to the writing (in this case the correspondence between the parties) to see what the contract is. We can not add to its terms by parol (as the plaintiff seeks by his amendment). But it is argued by the plaintiff's counsel that the defendant bought 'the timber we looked at,' and that he entered upon the lands and began cutting after paying a certain sum of money. Could a court, in a specific-performance case, decree that the defendant must take the timber 'we looked at' where payment is to be made by the thousand feet? The timber 'we looked at' was some part or all of the timber on the three plantations mentioned. What part of it was 'looked at?' Was all of the timber on the three plantations mentioned 'looked at?' If so, then what size trees were 'looked at?' It seems to me that something more definite and certain than that is required to make a contract binding so that damages for nonperformance can be awarded. For these reasons the defendant's demurrer is hereby sustained and the plaintiff's case dismissed."

While not committing ourselves to every statement made by the learned judge in this opinion, we do agree with him in most of his conclusions, and especially that the amendment to the petition was subject to the demurrer, and that "the contract entered into by correspondence between the plaintiff and defendant, as disclosed by the petition, is too vague, uncertain, and indefinite to be enforced by decree for the specific performance thereof," or for damages to be awarded for a nonperformance thereof, and he properly sustained the demurrer to the petition and dismissed the case. See *Baucom* v. *Pioneer Land Co.,* 148 *Ga.* 633 (1), 634 (2) (97 S. E. 669); *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (2) (80 S. E. 559); *Hamby* v. *Truitt,* 14 *Ga. App.* 515 (3) (81 S. E. 593); *Mims* v. *Gillis,* 19 *Ga. App.* 53 (90 S. E. 1035), and cases cited in the opinion.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*