19643. NORTH GEORGIA LUMBER COMPANY *v.* LAWSON.

BELL, J. 1. "The general rule is that parol evidence is not admissible to add to, take from, or vary a written contract. ' . . Where the writing does not purport to contain all the stipulations of a contract, parol evidence is admissible to prove portions thereof not inconsistent with the writing. The rule which permits parol proof in cases of apparent incompleteness in written statements of the obligations of the parties, denies parol proof, variant from the written terms, which imposes additional and other terms dependent upon a prior or contemporaneous

parol agreement. All previous negotiations are merged in the subsequent written contract, and an additional obligation can not be grafted thereon by parol testimony." *Roberts* v. *Investors Savings Co.*, 154 *Ga.* 45 (113 S. E. 398).

2. In this suit for a breach of contract, in which the plaintiff alleged that he was employed by the defendants to saw and manufacture 2,000,000 feet of lumber from timber to be furnished by the defendants, for which the defendants were to pay the plaintiff at the rate of $13 per thousand, and that after the plaintiff had manufactured 210,000 feet of lumber within the terms of the contract the defendants failed and refused to furnish the plaintiff more or additional timber and failed to pay him for a balance of 20,000 feet of the lumber so manufactured, to his loss' and damage in an entire sum stated, the evidence showing without dispute that the plaintiff and the defendants entered into a written contract whereby the plaintiff was to manufacture into lumber at a certain price a specific tract of timber capable of producing, and which did produce, but a small proportion of the 2,000,000 feet, testimony was inadmissible to prove a prior or contemporaneous parol agreement to the effect that the defendants would buy and furnish to the plaintiff timber *additional* to that specified in the written contract sufficient to make an aggregate of 2,000,000 feet. *Pryor* v. *Ludden & Bates Southern Music House*, 134 *Ga.* 288 (67 S. E. 654); *Bond* v. *Perrin*, 145 *Ga.* 200 (88 S. E. 954), s. c. 18 *Ga. App.* 179 (89 S. E. 79); *Renfroe* v. *Alden*, 164 *Ga.* 77 (137 S. E. 831); *Poole* v. *Elberton & Eastern Ry. Co.*, 19 *Ga. App.* 631 (91 S. E. 1052).

3. Moreover, even if the collateral parol agreement here relied on had not been otherwise objectionable, it was yet too vague and indefinite to be capable of enforcement, there being a total failure to agree upon a price for the plaintiff's services as shown by his testimony, as follows: "This contract was this tract of timber . . that I went and looked at; I could do that for $13 a thousand, and he agreed to give me that, and then at any time the expenses of logging was to be for this tract, I was to do it for less, and if it was to be more I was to get more for the expenses of logging. The only difference would be if it was scattered timber it would be more, and if it was bunched timber it would be less; it depended on the way the timber stood on the land; and that would depend on the location of the timber, or the situation the timber had with reference to the mill. If the timber was bunched I could do it for less money; and if it was more scattering I would have more money on the logging part but not on the sawing."

4. The plaintiff further claims there was a *subsequent* parol agreement for the furnishing of additional timber, insisting that the same had been entered into with the defendants not by himself but by his brother acting as agent for him. The latter was introduced as a witness, and upon this question testified only to the effect that he had complained to one of the defendants about having to buy so much machinery without more timber, to which such defendant replied, "There is as much as 2,000,000 feet on this creek where he bought this other tract . . that he could get and that he would get." *Held:* The evidence as to

such conversation between the plaintiff's brother and one of the defendants was insufficient to show a valid contract for the furnishing and sawing of additional timber, there being no identification of the subject-matter, nor any agreement as to price. Civil Code (1910), §§ 4216, 4230; *Prior* v. *Hilton & Dodge Lumber Co.*, 141 *Ga.* 117 (2) (80 S. E. 559); *Carr* v. *Louisville & Nashville R. Co.*, 141 *Ga.* 219 (80 S. E. 716); *Reams* v. *Thompson*, 5 *Ga. App.* 226 (2) (62 S. E. 1014); *Georgia Box &c. Co.* v. *Southern Bottlers Service Co.*, 25 *Ga. App.* 360 (103 S. E. 188).

5. With the exception of testimony improperly admitted over objection, there was no evidence of an agreement by the defendants to furnish the plaintiff timber for the manufacture of 2,000,000 feet or any other quantity above that actually sawn. It follows that the verdict found in the plaintiff's favor as for a breach of such an agreement was unauthorized and contrary to law.

6. The written agreement between the parties provided that for the lumber manufactured the defendants would pay to the plaintiff "$13 per thousand feet board measure, . . and a joint estimate is to be made of such lumber that may be on sticks every two weeks by the two parties concerned, and settlement on such estimate made at the two weeks period, and final settlement made when the lumber is sorted and shipped per as invoices of stock sold by party of the first part [defendants], and actual measurement obtained." The plaintiff, in seeking to establish that the defendants were indebted to him in a certain sum as a balance for work done, testified that he estimated the quantity of lumber sawn by Doyle's rule, which is a method of calculating the probable output based upon log dimensions, and offered no other evidence as to the quantity of lumber produced, nor did he attempt to show any reason for a failure to abide by the contract in this particular. The evidence as to the use of Doyle's rule was admitted over objection that it was a variation from the terms of the contract as to the method of arriving at the quantity of lumber manufactured. *Held:* This objection was good and should have been sustained. Where parties agree upon a particular method of ascertaining the quantity of goods involved in a contract between them, such method will be binding, in the absence of reasonable ground for departing therefrom (as to what would constitute such ground no decision is necessary in the present case.) Aside from the evidence objected to, there was no proof to sustain the plaintiff's claim even for the balance alleged to be due to the plaintiff under the contract as performed. 35 Cyc. 211, and cit.

7. Under the above rulings, the general grounds and also several of the special grounds of the defendants' motion for a new trial were well taken, and the court erred in not sustaining the motion.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 14, 1929.

*Wheeler & Kenyon,* for plaintiff in error.
*Jones & Reid,* contra.