23249. NORMAN v. VAN GERPEN.

CANDLER, Presiding Justice. On October 17, 1962, by a sale contract which both of the contracting parties signed, Mrs. Jessie Summerour Norman agreed to sell Earl J. Van Gerpen and the latter agreed to buy at and for a price of $1,250 per acre, a described tract of land in Cobb County containing 38.2 acres. By "Special Stipulation 5" of such sale contract the seller (Mrs. Norman) agreed to give the buyer (Van Gerpen) at the closing of such sale an agreement of first refusal to purchase "at such time as they are offered for sale" all adjoining lands owned by her in Lots 196 and 197 which the Federal Housing Administration would approve for single family housing at $1,200 per acre, provided Van Gerpen elected to purchase such acreage at that price within 30 days after receipt of a written notice from Mrs. Norman of her desire to sell it. As to the 38.2 acres, the sale contract was closed on November 21, 1962, in strict conformity with its terms. Simultaneously with such closing, the parties executed an agreement which each signed and which recites that it was given "for and in consideration of the

purchase this day by Earl J. Van Gerpen from Mrs. Jessie Summerour Norman of a tract of 38.2 acres of land lying in Land Lots 236 and 237 of the 17th District, 2nd Section, Cobb County, Georgia." By express terms the agreement obligates and binds Mrs. Norman to given Van Gerpen the right of first refusal to purchase at $1,200 per acre all adjoining lands owned by her in Lots 195, 196 and 197 which the Federal Housing Administration would approve for single family housing—a tract containing 70.9 acres, provided she decided to sell it at any time within 21 years from the date of such agreement and provided Van Gerpen elected to purchase it at such fixed-acre price within 30 days after receipt of a written notice from her stating her desire to sell such additional adjacent acreage. The agreement was recorded in the deed records of Cobb County on November 27, 1962. On February 11, 1965, Mrs. Norman filed an equitable action against Van Gerpen in which she prayed for a decree declaring their written agreement of November 21, 1962, to be null and void and for an order to cancel the record of it as a cloud upon her title because: (1) it was wholly without consideration, and (2) she was 65 years old when it was executed; she had only a high school education; that she was without business experience; $1,200 per acre is less than its fair market value; and the defendant is a highly educated attorney and a person of great experience in matters of law and business, especially real estate transactions. Her petition was dismissed on general demurrer and she appealed that judgment to this court for review. *Held:*

1. In *Prior v. Hilton & Dodge Lumber Co.*, 141 Ga. 117, 118 (1) (80 SE 559), this court held: "Where for a consideration an option is given, or offer made, which it is agreed shall remain open and subject to acceptance for a specified time, the party who thus grants the right to accept during such specified time can not withdraw the right of the other party to accept or assent within that time. In such a case the right to accept or assent within the specified time is a right fixed by contract. If without consideration a continuing offer is made, although the person making it may state a time within which it may be accepted, there is no binding contract, and he may withdraw the offer before acceptance." Here, as the record shows, Mrs. Norman owned 109.1 acres of timbered land in Cobb County—a contiguous boundary. As her compliance with the

executory sale contract between her and the defendant Van Gerpen, she conveyed to him 38.2 acres of such tract on November 21, 1962, for $1,250 per acre or for a total consideration of $47,750 and simultaneously with that conveyance she executed and delivered to him the agreement she seeks to set aside and have canceled of record as a cloud on her title. That the agreement is null and void and not binding upon her for want of consideration is one ground of attack she makes upon it. This attack is not meritorious. The agreement expressly recites that it was given for and in consideration of the purchase by the defendant Van Gerpen from her of the 38.2 acres of land on November 21, 1962, and that contract between the parties is itself a consideration for the agreement respecting the remaining part of the lands which she seeks to set aside. *Langenback v. Mays,* 205 Ga. 706 (54 SE2d 401, 11 ALR2d 1221). And there is no merit in the contention that the agreement is null and void because it includes a small acreage of land not mentioned in the original executory sale contract. Having voluntarily executed the agreement, Mrs. Norman will not be heard to say that it is null and void because it includes acreage not specifically mentioned in the executory sale contract. The deed from Mrs. Norman to the defendant Van Gerpen for 38.2 acres of the entire tract and the agreement she simultaneously gave him respecting the remaining 70.9 acres of such tract represent and constitute their full and final compliance with the terms of the executory sale contract. The antecedent sale contract, executory in character, merged in and was complied with by the parties by the deed and agreement they subsequently executed as their compliance with its terms. In this connection see, *Loftis v. Clay,* 164 Ga. 845 (1), 848 (139 SE 668) ; *Augusta Land Co. v. Augusta R. &c. Co.,* 140 Ga. 519, 522 (79 SE 138).

2. *Code* § 37-710 declares: "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." The facts shown by the petition and its exhibits do not bring this case within the provisions of such Code section. On the theory that great inadequacy of consideration joined with great disparity of mental ability by the contracting parties will authorize the cancellation of a contract, the petition fails to state a cause of action for the relief of cancellation.

3. For the reasons stated in the two preceding divisions of this opinion, the petition fails to state a cause of action for the relief sought and was properly dismissed on general demurrer. *Judgment affirmed.* *All the Justices concur.*

ARGUED DECEMBER 15, 1965—DECIDED JANUARY 6, 1966—
REHEARING DENIED JANUARY 18, 1966.

*Henry M. Quillian, Jr., Bryan, Carter, Ansley & Smith,* for appellant.

*William C. O'Kelley, H. Lowell Hopkins, William C. Haddon,* for appellee.