In re WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY-THIRD ST.

(Supreme Court, Appellate Division, First Department.   March 24, 1910.)

1. RELIGIOUS SOCIETIES (§ 12*) — ECCLESIASTICAL TRIBUNALS — CONCLUSIVENESS OF DECISIONS.

The action of the Presbytery of New York, dissolving a religious organization under its control, which action was affirmed by the appellate tribunals of the Presbyterian Church, will be accepted by the civil courts as final.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 87–98; Dec. Dig. § 12.*]

2. RELIGIOUS SOCIETIES (§ 20*)—SALE OF CHURCH PROPERTY.

A petition by a Presbyterian church for a sale of its property should not be granted where the Presbytery intervenes, claiming right of possession and control because of the expulsion of petitioner as a religious body from the Presbyterian Church, and it appears that other actions involving such rights are pending.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 20.*]

Appeal from Judgment on Report of Referee.

Application by the Westminster Presbyterian Church of West Twenty-Third street for leave to sell its property.   From an order confirming the report of a referee, and from an order denying a motion to resettle such order, petitioner appeals.   Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles M. Parsons, for appellant.

Henry W. Jessup, for respondents.

SCOTT, J.   In this proceeding for leave to sell church property, the petitioner appeals from an order permitting "the Trustees of the Presbytery of New York" to intervene and become a party to the proceeding.   The order was made after the court, for its own information, had ordered a reference to take testimony as to the right of the intervener to come into the proceeding.

The Westminster Presbyterian Church on Twenty-Third street was a consolidation, in the year 1899, of two churches, and until March 18, 1908, was connected with and under the ecclesiastical control of the Presbytery of New York, subject to the discipline, rules, usages, laws,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and Book of Government of the Presbyterian Church in the United States of America. The trustees of said church, as a corporate body, independent of, but clearly affiliated with, the religious organization, held the property now sought to be sold, and which was used by the congregation for church purposes. The intervener is a domestic corporation, organized under chapter 206, Laws 1867, with power to take for religious and charitable purposes, and to hold, convey, and otherwise dispose of, real estate and personal property for the benefit of the Presbytery of New York in the promotion of the Presbytery's different charitable and religious purposes.

On March 17, 1909, the Presbytery of New York dissolved the religious organization known as the Westminster Presbyterian Church of West Twenty-Third street, and it thereupon ceased to be a part of the Presbyterian denomination and a Presbyterian church. That action appears to have been affirmed by the several appellate tribunals of the Presbyterian Church. This action we accept as final and conclusive. Watson v. Jones, 13 Wall. 679, 20 L. Ed. 666. It is not questioned that the petitioner, as a secular corporation, still holds title to the real estate in question; but it is the contention of the intervener that such property is held under such conditions and is impressed with such trusts that the Presbyterian Church has become the beneficial owner, and that the intervener, as the corporation vested by law with the title to and the right of possession and control of the property of the church in this jurisdiction, is entitled to the possession and control of the real estate held by the petitioner. This contention raises a very interesting question, and one which is by no means free from doubt.

Prior to 1875 a religious corporation in this state held its temporalities wholly free from the domination of any ecclesiastical authority, and by a tenure so independent that it could change its creed and denominational character without loosing its hold upon its property. Per Finch, J., in Matter of First Presbyterian Society of Buffalo, 106 N. Y. 251, 12 N. E. 626. In 1875, by section 4 of chapter 79 of the Laws of that year, a marked change was effected in the law, by which the denomination was made the dominant body in the church, and the trustees of every church, congregation, and religious society were required to hold the property and administer the temporalities "according to the discipline, rules and usages of the denomination to which the church members of the corporation belong," and were forbidden to divert it to any other purpose. This act has been amended from time to time, without, however, altering its general purport, and now constitutes subdivision 3 of section 69 of the religious corporation law (Consol. Laws, c. 51). The complete effect of this change in the law has never been judicially determined, although the Court of Appeals, in the case above cited, recognizes the fact that it was the intention of the Legislature to restrain, in some degree, the diversion of church property from one sect to another.

The contention of the intervener is that the only Presbyterian Church known to the law is that represented in this state by the Presbytery; that the petitioner has been excluded from that church; and

that the property sought to be sold cannot lawfully be diverted to the use of any religious body not constituting a part of the Presbyterian Church. Without expressing or intimating any opinion as to the soundness of this contention, it is apparent, 'to say the least, that it is arguable, and one which should not be determined upon a motion of this character. It appears that, upon the expulsion from the Presbyterian Church of the petitioner as a religious body, the Presbytery of New York took possession of the church property, organized a congregation, and appointed a minister, and now occupies the property, so that its use for religious purposes is not interrupted. It also appears that two actions are now pending, both involving the right of possession and control of the. church property. In one of these, more appropriately than in the present proceeding, can the conflicting claims of the petitioner and the intervener be determined.

We are therefore of the opinion that the court should not give its assent to a sale while these claims remain undetermined, but that the proceeding should be stayed or suspended until those matters are definitely determined.

Order affirmed, with $10 costs and disbursements.   All concur.