present president was not holding that position at the time of the alleged transaction; but this does not show that he may not be in a position to have the information which is necessary to the plaintiff's cause of action, and we are of the opinion that the ends of justice will be best promoted by permitting the examination to go forward. The stipulation by the defendant to produce all of the books and papers at the trial does not deprive the plaintiff of her right under the statute to examine the officers of the corporation and to have the books, papers, etc., produced at such examination. Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078.

The order appealed from should be affirmed, with costs, and the examination of the defendant corporation, by its officers, should proceed forthwith.

Order affirmed, with $10 costs and disbursements. All concur.

---

In re WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY-THIRD ST. (No. 7653.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

RELIGIOUS SOCIETIES ⬦⟶20—APPLICATION FOR LEAVE TO SELL REAL ESTATE—STAY PENDING DETERMINATION OF CONFLICTING CLAIMS.

 Where a church moved for leave to sell its realty, and the trustees of the general church organization intervened, securing a stay of proceedings until the determination of title in pending suits between the church and the trustees, the trustees, having been in possession for some time and having neglected to pay taxes for two years and defaulted on two annual installments of interest on a mortgage, having agreed to raise a loan of $40,000, $9,000 of which they agreed to apply to the payment of back taxes and interest on the mortgage, and to provide for the future interest and taxes, which agreement the church admitted would probably be carried out, and the value of the church property being in excess of the mortgage, foreclosure did not appear to be imminent, and the order vacating the stay of proceedings and directing a sale should be reversed, and the motion to vacate the stay denied, without prejudice to a renewal if other circumstances should so require.

 [Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 130–143; Dec. Dig. ⬦⟶20.]

Appeal from Special Term, New York County.

Application by the Westminster Presbyterian Church of West Twenty-Third Street for leave to sell real estate, in which the Trustees of the Presbytery of New York intervened. From an order vacating a stay of proceedings, and directing a sale, they appeal. Reversed, and motion to vacate denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Rush Taggart, of New York City, for appellants.
Richmond J. Reese, of New York City, for respondent.

SCOTT, J. This is a proceeding instituted by the Westminster Presbyterian Church of West Twenty-Third Street to sell its church property. It was begun in 1909, and in the same year the Trustees

of the Presbytery of New York were permitted to intervene. In the meantime two actions had been instituted, one in equity and one in ejectment, both involving the conflicting claims of the church and of the trustees to the church property. Both actions are still pending. On April 8, 1910, an order was made staying all the proceedings to sell the property—

"until the conflicting claims of Westminster Presbyterian Church and Trustees of Presbytery of New York shall have been finally and definitely determined in a certain action in equity brought by Trustees of the Presbytery of New York against the said Westminster Presbyterian Church of West Twenty-Third Street, as well as against its surviving trustees, or in a certain action in ejectment brought by said Westminster Presbyterian Church against Trustees of the Presbytery of New York to recover the possession of certain property on West Twenty-Third street, in the borough of Manhattan, in the city of New York."

The Trustees of Presbytery have been in possession of the property since March 19, 1908, but, as it is said, have neglected to pay two annual installments of interest on a mortgage upon the property held by the Emigrant Industrial Savings Bank, and have also neglected to pay taxes for the years 1913 and 1914. The petitioner apprehends that the Savings Bank will proceed to foreclose its mortgage, and, not unnaturally, fears that a fair price for the property cannot be obtained on a forced sale on foreclosure. Undoubtedly a forced sale of the property is a thing to be avoided, if possible; but we are by no means sure that such a sale would follow a denial of the present motion to vacate the stay.

The learned counsel for the respondent, the church, while strenuously urging the affirmance of the order appealed from, very frankly makes the following statement in his brief:

"The respondent deems it only fair to state in this connection that, while this present appeal was pending, a bargain was made between the Westminster Presbyterian Church and the Trustees of Presbytery, whereby the former released from the lien of its judgment two valuable parcels of real estate owned by Trustees of Presbytery to enable Trustees of Presbytery to raise a loan of some $40,000, $9,000 of which it agreed to advance to pay the back interest and taxes and to provide for future installments of interest and taxes, and the respondent expects that the appellant will carry out its agreement."

While ordinarily we do not consider statements outside the record, we feel that in the present case we are justified in considering the foregoing statement of counsel, because it is not made for the purpose of influencing our action in his favor, but evidently in the sincere desire that the court may be in possession of all the facts. It is not distinctly stated that the reason which impels the Savings Bank to threaten foreclosure is that the interest and taxes have been allowed to fall into arrears, but in view of the statements of the petitioner as to the value of the property as compared with the amount of the mortgage it may well be that the Savings Bank will be content to permit the mortgage to remain, for a time at least, if the interest and taxes are promptly paid, as it now appears to be probable that they will be. Nor is it at all clear that the property could be sold or mortgaged during the pendency of the present litigations, because we much

doubt the power of the court to require the Trustees of Presbytery to unite in a deed or mortgage. In view of the disposition we propose to make of this appeal, it is not necessary now to decide that question definitely. Under all the circumstances we do not consider it expedient, at the present time, to vacate the stay, although it may be that circumstances will hereafter arise which would justify such an act.

Our conclusion is that the order appealed from should be reversed, and the motion denied, without costs to either party, and without prejudice to a renewal of the motion, if future events should seem to make such action desirable. Order filed. All concur.

