# CHARLESTON.

*In Re* P. W. ASH *et al.*, TRUSTEES OF THE METHODIST
EPISCOPAL CHURCH OF WILSONBURG.

Submitted September 4, 1918.  Decided September 10, 1918.

1. RELIGIOUS SOCIETIES—*Sale of Church Property—Right of Intervention.*

   In a proceeding by church trustees pursuant to section 9, chapter 57, of the Code, to sell the church property owned and held in fee simple, an adjoining land owner, as such, though holding under title derived from a common source, has no right to intervene therein or to be heard in opposing such sale.  (p. 517).

2. SAME—*Sale of Church Property—Intervention.*

   Nor will the fact alleged that the ultimate object of such proceedings by the church trustees may be to procure the operation of such church property for oil and gas or other mineral, and to obtain the benefit thereof for church purposes, give such adjoining owner as such the right to intervene therein to oppose such sale. (p. 517).

3. SAME—*Sales—Restrictions in Deed.*

   The provision in the deed granting the land to such trustees, "for the use and benefit of said church", with covenants of general warranty, implies no condition, restriction, or negative covenant against alienation, but is merely declaratory of the purposes of the grant.  (p. 518).

Case Certified from Circuit Court, Harrison County.

In the matter of the petition of P. W. Ash and others, trustees of the Methodist Episcopal Church of Wilsonburg, for authority to sell certain land.  Buena W. Brown and John W. Brown, claiming title, intervened by demurrer and answer.  Objections of petitioners were overruled, and case certified.

*Reversed and cause remanded, with directions.*

*Ray L. Strother* and *J. Philip Clifford,* for petitioners.

*Melvin G. Sperry* and *Geo. M. Hoffheimer,* for respondents.

MILLER, JUDGE:

In the circuit court the petitioning trustees, proceeding pursuant to section 9, of chapter 57, of the Code, sought to

obtain an order for the sale of a certain portion of the church lot held by them as successors to trustees named in the deed from Josiah D. Wilson and wife to Hiram Lynch and others, dated December 23, 1854. This deed is one of absolute conveyance with covenants of general warranty. Their authority given by the governing ecclesiastical body of the church to take said proceedings as alleged in their petition is not controverted.

In this proceeding Buena W. Brown and John W. Brown, claiming title to some three hundred acres adjoining and surrounding said church lot on three sides, both tracts fronting on the public road, sought to intervene by demurrer and answer to defeat the petitioners in the relief sought, upon the ground of their alleged interest, not as members of the church or society involved, but as owners of the adjoining lands and interested therein and in the lease of their lands for oil and gas, it being alleged by them that the church trustees, if successful in their alleged scheme or plan to sell said church lot, will in some way procure the church lot to be operated for oil and gas for the benefit of the church in violation of the alleged public policy of the state against churches and church trustees engaging in such secular business, which it is alleged is proposed by petitioners.

On presentation of said demurrer and answer petitioners objected to the filing thereof and also demurred to said answer, but their objection and demurrer were overruled, and the answer was allowed to be filed.

The only question presented and certified for our decision is, have the intervenors any such rights or interests in the subject matter of the proceedings as entitle them to intervene therein to defeat the sale of the church lot as prayed for? That they have no rights, except as adjoining land owners seems clear. The petition seeks no relief against them, they are not named in the petition, nor could any relief be granted therein for or against them. So far as the petition discloses on its face the sole and only object of the proceedings is the one which the statute clearly authorizes, namely, a sale of a portion of the church lot.

But in defense of the decree or order of the circuit court

it is urged that the answer avers that the proposed proceedings for a sale of the property is a scheme or plan of the trustees and others of the church authorities to engage in the business of operating the property for oil and gas and to secure the benefits thereof for the church, contrary to some public policy of the state and that such business would be ultra vires of their rights and powers and wholly void, warranting their intervention to avoid the exercise of unlawful acts. But the public policy of the state evidenced by the statute under which the church authorities are proceeding is to authorize them to sell, and if the interests of the church will be promoted by such sale who may deny them that right? Certainly not an adjoining land owner, though the ultimate object of the church may be to in some way obtain the value of the property to be sold for church purposes. We decided in *Hays* v. *Walnut Creek Oil Company,* 75 W. Va. 263, which involved the right of a railway company to lease for oil and gas portions of its right of way acquired in fee simple by condemnation, that an abutting and former owner had no right to intervene or oppose the *jus disponendi* of the railway company and that the question of the power and authority of the railway to engage in the business of leasing its lands for oil and gas purposes was not one which could be invoked by persons without substantial interest to oppose against such corporate action. We see no distinction in principle between that case and this so far as the intervenors are concerned.

It is contended, however, that the church trustees may be thus opposed in a proceeding in which they are seeking to do an unlawful act. But the proceedings to sell are not unlawful, the sale is authorized by law. Moreover, the operation of its church lot for oil or gas, by the purchaser, if it should be so operated, would not be an unlawful act, enjoinable by an abutting owner as a nuisance. Such operation would be perfectly lawful, unless restricted by some covenant in the deed, and we fail to see what application the many authorities cited by counsel on this proposition can possibly have to the facts presented by the answer.

Another proposition urged in support of the decree below

is that the deed from Wilson and wife to the church trustees of December 23, 1854, ''for the use and benefit of said church'', though with covenants of general warranty, implied a restriction or negative covenant limiting the use of the land conveyed to church purposes, and which the intervening respondents, adjoining owners holding under a common grantor, are entitled to enforce against the petitioners. But we think this proposition is unfounded in law.   We recently decided, following numerous cases, that such words of description declaratory of the purpose of the grant, constitute no limitation or condition forfeiting the title or limiting the rights of the grantee in the deed to the full benefit and use of the property granted.   *Killgore* v. *County Court*, 80 W. Va. 283.   See, also, *Railway Company* v. *Honaker*, 66 W. Va. 136, and other cases cited.   Cases involving deeds with negative covenants cited and relied on by counsel for respondents, therefore, such as *Robinson* v. *Edgell*, 57 W. Va. 157, and *Spilling* v. *Hutcheson*, 111 Va. 179, can have no proper application.

For these reasons we think the decree below should be reversed and the cause remanded with direction to strike out the demurrer and answer of the intervenors and for further proceeding to be had in the cause in accordance with the statute and rules and principles governing courts of equity.

*Reversed and cause remanded with direction.*