Hamilton, J.
The defendants in error here, plaintiffs below, filed a petition in the superior court of Cincinnati, praying for an order of court authorizing them or their successors to sell certain real estate and personal property described in the petition and belonging to the Ansche Polen Congregation. Two of the trustees joined in the filing of the petition, and one refused to join and was made a defendant. The trial court, upon a hearing, made a finding of facts, and conclusions of law, which are made a part of the record herein.
The jurisdiction of the superior court over the subject-matter was challenged by the plaintiff in error, defendant below, by demurrer to the petition. The demurrer was overruled and exceptions taken, which constitutes one of the claims of error in the case here.
Did the superior court have jurisdiction? If that court had such jurisdiction, it is conferred by paragraph 8, Section 1571, General Code of Ohio, which reads:
“Every other action, when the defendant, or some one of the defendants, resides or may be summoned in the city of Cincinnati, except applications for divorce- and alimony, or for alimony.”
The question then is, Was this an “action”? If it was not an “action,” the court had no jurisdiction over the subject-matter, as no general jurisdiction is conferred by statute upon the superior court. The jurisdiction given under the eighth paragraph of Section 1571 is limited to “actions.”
*303 Section 11237, General Code of Ohio, defines an action, and is as follows:
“An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense.”
The proceeding in question was filed under the provision of Section 10051, General Code, which is the authority for the sale of property belonging to a religious society. The right of the trustees to. file the petition is controlled by a majority of the members of the society. Every step in the proceeding to accomplish the purpose of sale is especially provided for by the statute. It can in no sense be considered an ordinary proceeding. It is not a proceeding whereby “a party prosecutes another.” It was a proceeding not known to the common law, nor to equitable procedure, and is purely a creature of statute. If the trustees were agreed in making the application, and were a unit as petitioners, no adversary parties were necessary, yet they are required to proceed under Section 10051 of the Code to convey a good title. The only service required was to cause notice of the pendency of the petition to be published in some newspaper in the county where the real estate was situated, for four consecutive weeks before the application was heard. It is only in the sense of division on the part of the trustees that it could be considered as an adversary proceeding.
The General Code provides that a civil action is commenced by the filing of a petition and causing summons to be issued thereon.
*304 The proceeding herein is not an ordinary proceeding. No summons is required to be issued. No party prosecutes another for the redress of a legal wrong. It is not the enforcement of a legal right. It is, in effect, but asking authority to proceed in a certain way directed by statutes, to effect a sale of church property, that title may be conveyed. It is not the punishment of a public offense. The proceeding lacks the elements contained in Section 11237, General Code, defining an action.
We are of opinion, therefore, that this was in the nature of a special proceeding, and not an action. The superior court was without jurisdiction of the subject-matter, and the demurrer to the petition should have been sustained.
For error in overruling the demurrer, the cause will be reversed and a mandate issued to the superior court with instructions to sustain the demurrer and dismiss the petition.

Judgment reversed.

Shohl, P. J., and Cushing, J., concur.