# Richmond.

## EUBANK v. CITY OF RICHMOND.

### March 10, 1910.

### Absent, Buchanan, J.

1. CONSTITUTIONAL LAW—*Police Power—Authorizing Establishment of Building Lines.*—An act of Assembly authorizing the councils of cities and towns to establish building lines on streets to which all property owners must conform is within the police power of the legislature, and is constitutional, if not unreasonable. Such legislation is in the interest of the health, safety, comfort and convenience of the public.

2. MUNICIPAL CORPORATIONS—*Delegation of Powers to Committee— Building Lines—Case at Bar.*—A city ordinance providing "That whenever the owners of two-thirds of the property abutting on any street shall, in writing, request the committee on streets to establish a building line on the side of the square on which their property fronts, the said committee shall establish such line so that the same shall not be less than five nor more than thirty feet from the street line," leaving to the determination of the committee only, within the prescribed limits, how far the building line shall be from the line of the street, is not a delegation to the committee on streets of the functions of the city council to establish building lines. The committee is clothed with no discretion as to whether a building line shall or shall not be established in a given case.

Error to a judgment of the Hustings Court of the city of Richmond, affirming a judgment of the police justice imposing a fine on the plaintiff in error.

*Affirmed.*

The opinion states the case.

*S. S. P. Patteson,* for the plaintiff in error.

*H. R. Pollard* and *Geo. Wayne Anderson,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error is to a judgment of the Hustings Court of the city of Richmond, affirming a judgment of the police justice of the city imposing a fine upon the plaintiff in error for the violation of the "building line" ordinance.

By act of the General Assembly of Virginia, passed March 14, 1908, councils of cities and towns are authorized, among other things, "to make regulations concerning the building of houses in the city or town, and in their discretion . . in particular districts or along particular streets, to prescribe and establish building lines, or to require property owners in certain localities or districts to leave a certain percentage of lots free from buildings, and to regulate the heighth of buildings," etc. Acts 1908, p. 623-4.

By virtue of this act, the city council passed an ordinance "That whenever the owners of two-thirds of the property abutting on any street shall, in writing, request the committee on streets to establish a building line on the side of the square on which their property fronts, the said committee shall establish such line so that the same shall not be less than five feet nor more than thirty feet from the street line, . . . and no permit for the erection of any building upon such front of the square upon which such building line is so established shall be issued except for the construction of houses within the limits of such line." The ordinance then prescribes a fine of not less than twenty-five nor more than five hundred dollars for its violation.

The controlling question presented by the record is whether or not the act of March 14, 1908, is constitutional. If that question be answered in the affirmative, it will be only neces-

sary for us to inquire whether or not the power granted has been lawfully exercised.

It is well understood and settled by decisions of the highest authority that the legislature may, in the exercise of the police power, place limitations upon personal rights and the rights of property, in the interest of public health, public morals and public safety.

This principle was distinctly announced in the case of *Welch* v. *Swasey,* 193 Mass. 364, 79 N. E. 745, 118 Am. St. Rep. 523, involving the validity of building regulations made by authority of legislative enactment, with respect to the height of buildings and their mode of construction in cities. The application for a *mandamus* by the plaintiff in error was addressed to the justices of the supreme judicial court of the State of Massachusetts to compel the defendants in error, who constituted a board of appeal from the building commissioner of the city of Boston, to issue a permit to him to build on his lot in that city. The ground of refusal to grant the building permit was because the site for the proposed building was in a district in which the height of buildings was limited to from eighty to one hundred feet, and the height of the proposed building was in excess of the prescribed limit. The case was referred to the full court, which held the statute and the action of the commission thereunder constitutional. Upon writ of error to the Supreme Court of the United States the judgment was unanimously affirmed. *Welch* v. *Swasey,* 214 U. S. 91, 53 L. Ed. 923, 29 Sup. Ct. 567.

In that case both the Supreme Court of Massachusetts and the Supreme Court of the United States decided that the regulation in question was plainly passed by the legislature in furtherance of "the safety, comfort, or convenience of the people," and, therefore, should be upheld as a valid exercise of police power. It was moreover held (the facts being sufficient to justify the enactment) that the circumstance that considerations of an esthetic nature may also have entered into the reasons which influenced the legislature could not invalidate the act.

So, in the present case, the statute is neither unreasonable nor unusual, and we are justified in concluding that it was passed by the legislature in good faith, and in the interest of the health, safety, comfort, or convenience of the public, and for the benefit of the property owners generally who are affected by its provisions; and that the enactment tends to accomplish all, or at least some, of these objects. The validity of such legislation is generally recognized and upheld. Freund on Police Power, secs. 118, 128; Smith's Modern Law Mun. Corps., sec. 1322; *U. S. ex rel Strasberger* v. *Commissioners,* 5 Mackey (D. C.) 389, 391; *Attorney General* v. *Williams,* 174 Mass. 477, 55 N. E. 77; *Com'th* v. *Strauss,* 191 Mass. 545, 78 N. E. 136; *Com'th* v. *Cotton,* 8 Gray (Mass.), 488; *Berger* v. *Henley,* 73 Conn. 536, 48 Atl. 215; *People* v. *D'Oench,* 111 N. Y. 361, 18 N. E. 862; *Barbier* v. *Connolly,* 113 U. S. 27, 28 L. Ed. 923, 5 Sup. Ct. 357; *C. B. & Q. Ry. Co.* v. *Drainage Com'rs,* 200 U. S. 561, 592, 50 L. Ed. 596, 26 Sup. Ct. 341; *Bacon* v. *Walker,* 204 U. S. 311, 317, 51 L. Ed. 499, 27 Sup. Ct. 289.

For these reasons we are of opinion that the statute is not amenable to objection on constitutional grounds.

The remaining inquiry is whether or not the power granted by the legislature has been lawfully exercised by the city council. The contention under this assignment of error is founded upon the assumption that the city council has delegated functions arising out of its police power to the committee on streets.

An inspection of the ordinance will show that this assignment is not well taken. The committee is clothed with no discretion as to whether a street line shall or shall not be established in a given case. The language of the ordinance is mandatory, "that wherever the owners of two-thirds of the property abutting on any street shall, in writing, request the committee on streets to establish a building line on the side of the square on which their property fronts, the said committee shall establish such line."

All that is left to the discretion of the committee in the discharge of an administrative function is to determine, within prescribed limits, how far the building line shall be from the line of the street.

In the case of *Welch* v. *Swasey, supra,* the Supreme :Court of Massachusetts said: "The delegation to a commission of the determination of the boundaries of these parts for the classes was within the constitutional power of the general court. The work of the commissioners under the first act was not legislation, but the ascertainment of facts and the application of the statute to them for purposes of administration. Such subsidary work by a commission is justified in many cases.

In the case of *Ould & Carrington* v. *City of Richmond,* 23 Gratt. 471, 14 Am. Rep. 139, for purposes of taxation, the city council divided lawyers into six classes, and devolved upon the finance committee the duty of assigning them to their appropriate class. It was contended that this was an illegal delegation of power, but this court held otherwise and sustained the tax ordinance. See also, *Hitchcock* v. *Galveston,* 96 U. S. 348, 24 L. Ed. 659; *Union Bridge Co.* v. *U. S.,* 204 U. S. 378, 387, 51 L. Ed. 523, 27 Sup. Ct. 367; *St. Louis, etc., R. Co.* v. *Taylor,* 210 U. S. 287, 52 L. Ed. 1061, 28 Sup. Ct. 616.

There are other contentions of minor importance, but they are without merit and need not be discussed.

We find no error in the judgment of the hustings court, and it must be affirmed.

*Affirmed.*