# Wytheville.

## SPILLING v. HUTCHESON.

### June 9, 1910.

### Absent, Harrison, J.

1. COVENANTS—*Building Lines—Reasonable Agreements.*—A covenant between the grantor and grantee of a city lot that the building line of the square shall not be less than twenty-five feet from the true street line, and that the front wall of the building to be erected on said lot shall be set back at least twenty-five feet from the street line, is a reasonable and lawful agreement, and may be enforced.

2. COVENANTS—*Building Lines—Projections—Bow Window Forming Part of Walls of House—Porch.*—Under a covenant such as is mentioned above, the projection of a bow window over the agreed building line is a breach of the covenant where the foundation walls of the window form part of the front wall of the house. But, construing the covenant liberally in favor of the grantee, a frame porch, set on brick piers and extending over the building line is not a breach of the covenant, as the porch does not form part of the "front wall of the building."

3. INJUNCTIONS—*Encroachment on Building Lines—Specific Performance—Action for Damages.*—An injunction will lie to restrain the continuance of the building encroachments in violation of restrictive covenants. It is the specific performance of the agreement of the parties, and the plaintiff will not be left simply to his action at law for damages.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Page & Leary*, for the appellant.

*A. W. Patterson*, for the appellee.

WHITTLE J., delivered the opinion of the court.

The appellee, Lelia G. Hutcheson, sold and conveyed to the appellant, William H. Spilling, a vacant lot in the city of Richmond fronting thirty feet on Grove avenue and extending back between parallel lines one hundred and seventy-nine feet. The deed of conveyance contains the following covenant: "The parties hereto also in consideration of the premises, further covenant and agree with each other, for themselves, their heirs and assigns, that the building line of the square shall be not less than twenty-five feet from the true street line, it being understood by them that the front wall of the building shall be set back at least twenty-five feet from the street line, and this covenant is to run with the land."

Shortly after the sale the purchaser erected a three-story brick residence upon the lot with a frontage of twenty-six feet, two inches; twelve feet of this space being occupied by a bow front or window, the foundation of which, in common with the remaining outside walls, rises from the ground. That part of the structure is two stories high, and is not separated from the space it incloses by an inner wall, and it projects over the building line four feet, two inches. In addition to the bow front, a front porch, extending the entire width of the building, projects ten feet over the line.

.When advised of these encroachments, Mrs. Hutcheson, who claims ownership of the rest of the square which she has dedicated to residential purposes, filed her bill against Spilling, charging a breach of covenant in the particulars indicated, and prayed for a mandatory injunction compelling the defendant to conform his building to the established line by removing the bow window and porch.

The defendant denies the alleged breach of covenant, and

insists that the term "front wall" as employed in the deed in question means the front of the main wall, and does not include the appurtenances, the window and the porch. He moreover insists, that even though the covenant were breached, as charged, the plaintiff would have a full, adequate and complete remedy by action at law for damages, and, therefore, is not entitled to invoke the extraordinary remedy by mandatory injunction.

The chancery court sustained the building restriction and found that the defendant had violated his covenant in projecting the bow window beyond the building line. But with respect to the porch it was held that there had been no violation of the restrictive covenant. The court accordingly pronounced the decree under review, disposing of the case in both aspects.

The first contention of the appellant is controlled by the opinion of this court in the recent case of *Eubank* v. *City of Richmond*, 110 Va. 749, 67 S. E. 376. In that case the court sustained the validity of the city ordinance which declared that no person coming within its terms should erect a building nearer to the street line than the building line established by its authority. The court there held that it was a violation of the ordinance to project a bow window, such as we are now considering, beyond the building line.

That ordinance having thus been declared reasonable and lawful, the learned chancellor did not err in holding the building restriction in this case valid and enforcable so far as the bow window was concerned.

We shall next consider the question raised by the appellee upon cross-appeal, namely, that the trial court erred in holding that the porch, though extending beyond the building line, did not constitute a breach of the covenant.

The front porch is an open frame structure, resting upon brick piers. Applying, as we must do, the familiar principle that the language of the deed is to be construed liberally in

favor of the grantee, we think that the porch does not form part of the "front wall of the building."

Lastly, it is insisted, that even though the court should regard the projection of the bow window beyond the building line a violation of the restriction, still the chancery court erred in awarding a mandatory injunction prohibiting the en- croachment and ordering an abatement of the structure. It is said that this ruling inflicts unnecessary hardship upon the defendant, and that the plaintiff should be left to her remedy at law to recover damages for the breach of the covenant.

We do not concur in this contention. The parties have seen proper to embody in their deed a reasonable and usual covenant to establish a building line, beyond which the gran- tee is forbidden to extend the front wall of his dwelling, and he cannot disregard such covenant (which constitutes part of the consideration for the deed), and in answer to the de- mand of the plaintiff for a mandatory injunction to abate the obstruction insist, on the theory of hardship (a hardship of his own creation), that the plaintiff be left to her action at law for damages. The correct rule in such case is clearly stated by Lord Cairns in *Doherty* v. *Allman*, 3 H. L. App. Cas. 720, as follows: "If parties, for valuable consideration, with their eyes open, contract that a particular thing shall not be done, all that a court of equity has to do is to say by way of injunction that which the parties have already said by way of covenant, that the thing shall not be done, and in such case the injunction does nothing more than give the sanction of the process of the court to that which already is the contract between the parties. It is not, then, a ques- tion of convenience or inconvenience, or of the amount of damage or injury—it is the specific performance, by the court, of that negative bargain which the parties have made, with their eyes open, between themselves."

In 4 Pomeroy's Eq. Jur. (3rd ed.), sec. 1342, the author,

in discussing the subject of "Restrictive Covenants Creating Equitable Easements," observes: "It has been shown that restrictive covenants in deeds . . . limiting the use of land in a specific manner, or prescribing a peculiar use, which create equitable servitudes on the land, will be specifically enforced in equity by means of an injunction, not only between the immediate parties, but also against subsequent purchasers with notice, even when the covenants are not of the kind which technically run with the land. The injunction in this case is granted almost as a matter of course upon a breach of the covenant. The amount of damages, and even the fact that the plaintiff has sustained any pecuniary damages, are wholly immaterial. In the words of one of the ablest modern equity judges (Sir George Jessel, M. R., in note to *Leech* v. *Schweder*, L. R. 9 Ch. Ap. 465): 'It is clearly established by authority that there is sufficient to justify the court in interfering, if there has been a breach of the covenant, it is not for the court but the plaintiffs to estimate the amount of damages that arises from the injury inflicted upon them. The moment that the court finds that there has been a breach of the covenant, that is an injury, and the court has no right to measure it and no right to refuse to the plaintiff the specific performance of his contract, although his remedy is that which I have described, namely, an injunction.' "

The recent case of *Bachelor* v. *Hinkle*, 132 App. Div. 620, 117 N. Y. Supp. 542, affords an apt illustration of the application of the remedy by mandatory injunction to restrain the continuance of building encroachments in violation of restrictive covenants. The reports abound with similar decisions, but those to which we have called attention sufficiently exemplify the principle involved.

The foregoing views necessarily lead to an affirmance of the decree.

*Affirmed.*