## RENFROE *et al. v.* ALDEN *et al.*

1. Parol evidence is admissible to prove portions of an agreement not inconsistent with the writing, where the written instrument does not purport to contain all the stipulations of the agreement; but before parol evidence can be received to show a collateral agreement, it must appear that the contract is incomplete and that what is sought to be shown by parol in no way conflicts with what is contained in the writing. The provision of law which permits parol proof in cases of apparent incompleteness in the statement of the obligations of the parties denies any such proof which may vary the written terms or impose any terms dependent upon oral agreements prior to the contract. In this case, all antecedent oral negotiations as to whether the restriction limiting the use of the lots in question would be omitted from the deed, or whether the grantors and owners of the residential subdivision agreed or did not agree to waive this provision restricting the use of the property to the erection of brick or brick-veneered residences, were submerged and obliterated by the subsequent deed, apparently complete in itself, which contained the aforesaid restrictions.

2. Under the facts of this case a restriction such as is set forth in the foregoing headnote is valid and enforceable as against the grantee in the deed; and it being admitted that such grantee was acting as the agent and trustee for the church in making the purchase and accepting the deed, and that the church furnished the purchase-money of the lots, such restriction was binding upon the church and its trustees, and they received the property subject to the restriction. Equity will enforce such restriction against the grantee and subsequent purchasers having notice thereof.

3. A restriction of the use of property to the erection of brick or brick-veneered residences is violated by the erection of a church building.

4. The trial judge erred in refusing to grant an interlocutory injunction.

No. 5667.   APRIL 13, 1927.

Petition for injunction.   Before Judge Hutcheson.   DeKalb superior court.   September 10, 1926.

---

Covenants, 15 C. J. p. 1263, n. 48.

Deeds, 18 C. J. p. 391, n. 59 New; p. 393, n. 8; p. 397, n. 61; p. 398, n. 64.

Evidence, 22 C. J. p. 1121, n. 98; p. 1122, n. 1; p. 1123, n. 2; p. 1128, n. 58; p. 1245, n. 24; p. 1248, n. 29; p. 1251, n. 31; p. 1254, n. 44; p. 1259, n. 88; p. 1283, n. 93.

Injunctions, 32 C. J. p. 204, n. 44, 48.

*Candler, Thomson & Hirsch,* for plaintiffs.

*Paul L. Lindsay,* for defendants.

RUSSELL, C. J. Mrs. N. W. Renfroe and A. D. Thomson filed a petition which, after amendment, named William Alden, a contractor, and the trustees of the Epworth or Candler Memorial Methodist Episcopal Church South, as defendants, seeking to restrain and enjoin the erection of a church or Sunday school building on two described city lots. At the hearing the following undisputed facts appeared: Mrs. Renfroe and Thomson, who are treated in the record as the owners of the property of the Edgewood Park Realty Company, were the owners of a block of property which had been platted and subdivided into 22 residence lots, of which some had been sold, each containing a restriction "limiting their use to residential purposes" in accordance with the building scheme adopted. On April 30, 1925, Paul L. Lindsay signed "an earnest-money receipt," agreeing to purchase lots 411 and 412 of the above property of the Edgewood Park Realty Company for the sum of $4750, paying $100 "down." This receipt contained the statement, "restricted to brick residences." On June 18, 1925, Mrs. Renfroe and Thomson executed to Lindsay a warranty deed for a consideration of $4750, the full value of the lots, conveying lots 411 and 412, and referring to the plat attached to the petition, showing the subdivision, said deed containing, immediately following the description of the property, the following clause: "It is agreed and made a part of the consideration of this deed that the use of the above-described property is restricted to the erection of brick or brick-veneered residences." In entering the contract to purchase and in making such purchase Lindsay was acting as agent or trustee of the church and was a member of its board of trustees charged with the duty of securing a location suitable for the erection of the first unit of a church plant and a contractor to erect such building. Lindsay afterwards made a deed conveying the property to the church, but omitted the restriction from the deed which he made. The deed from Mrs. Renfroe and Thomson to Lindsay was not recorded. Acting under his contract with the trustees and building committee of said church, Alden had commenced work in the construction of a Sunday-school building on said lots.

The only disputed evidence in the case arose as to two points:

one, as to whether Thomson knew of the intention of Lindsay in purchasing said lots for the purpose of erecting a church. The defendants' testimony would have authorized the conclusion that Thomson knew of Lindsay's purpose in purchasing the lots, in that between the date of signing of the contract to purchase and the acceptance of the deed Lindsay told Thomson of his purpose and received from him "the impression that the restriction would not be insisted upon." Thomson denied that he had ever indicated to any one that the restriction would be in any way waived. The other conflict in the testimony related to the question of damages to adjacent property inflicted by the erection of a church building. The plaintiffs introduced testimony from Thomson and other owners of property in the subdivision, to the effect that the erection of a church or Sunday-school building on the lots in question would make the other property in the subdivision less valuable. The defendants contended that the location of such church building would increase the value of the adjacent property. The solvency of the church is not disputed. The trial judge refused an interlocutory injunction to prevent the construction of the Sunday-school building. To this order the plaintiffs excepted.

The conflict in the evidence as to whether Thomson agreed with Lindsay that he would not insist upon the restriction set forth in the statement of facts is really immaterial to the issue. All oral negotiations prior to the execution and delivery of the deed became merged in and fixed by the subsequent instrument, apparently complete in itself, and parol evidence was inadmissible to vary and contradict the unambiguous terms of the deed. *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954); *Roberts* v. *Investors Savings Co.,* 154 *Ga.* 45 (5), 52, 53 (113 S. E. 398), and cit.; *Groover* v. *Simmons,* 152 *Ga.* 424 (110 S. E. 179). The undisputed evidence in this case shows a general scheme to restrict the subdivision in question to residential purposes, and that such restriction had been incorporated in all deeds executed by the owners of the subdivision in their sales of lots therein. The grantee in the deed now under consideration, Lindsay, therefore took the property subject to the restriction contained in the deed. It is of course well settled that restrictions of the nature here involved (just as in the case of covenants running

with the land), which affect all persons who are induced to buy portions of a subdivision, impress themselves upon all subsequent grantees just as they were imposed by the grantor upon the first grantee. But this phase of the case need not now be discussed. As it is admitted that in making the purchase Lindsay was acting for the 'church as one of its trustees, or as agent, and was a member of the committee appointed by the membership of the church to select and purchase a suitable location for the erection of the church building, and that the church furnished the purchase-money paid for the lots, the church necessarily had notice of the restriction. Indeed, the defendants do not even assert the contrary. The restriction was therefore binding upon the church and its trustees, and they received the property subject to the restriction. Equity will enforce such restriction against the grantee and subsequent purchasers having notice thereof. *Hancock* v. *Gumm,* 151 *Ga.* 667, 675 (107 S. E. 872, 16 A. L. R. 1003), and cit.; *Rosen* v. *Wolf,* 152 *Ga.* 578 (110 S. E. 877); 8 R. C. L. 1117, § 178; 18 C. J. 397, § 463; 32 C. J. 204, § 315 et seq., and notes; Spilling *v.* Hutcheson, 111 Va. 179, 182 (68 S. E. 250).

Counsel for the defendants argues that as the "covenant relied on in this case is merely a restrictive covenant, and not a limitation on title," and as it was admitted that the price paid for the lots was the full market value thereof, the recital in the restrictive clause that the restriction is a part of the consideration of the deed is not true, and the restriction as a contract is void for want of consideration. In view of the general building scheme in force concerning the sale and development of the subdivision, and the language of the restrictive clause, it is not essential that there should have been a financial consideration for the covenant. It will be noted that the restrictive words of the deed contain also a mutual agreement "that the use of the above property is restricted to the erection of brick or brick-veneered residences," and the grantee was bound by his reciprocal agreement as much as if he had signed the deed. Civil Code, § 4180. As said in Kirkpatrick *v.* Peshine, 24 N. J. Eq. 206, as quoted approvingly in *Hancock* v. *Gumm,* supra, "The question is not whether the covenant runs with the land, but whether a party shall be permitted to use the land in a manner inconsistent with the con-

tract entered into by his vendor, and with notice of which he purchased." We feel constrained to hold that a restriction of the use of property to the erection of residences is violated by the erection of a church building. A church building is not a residence. In re St. Andrew's Lutheran Church, 67 Pa. St. 512; 4 Thompson on Real Property, 488, § 3377. While undoubtedly it is true, as stated by counsel for the defendants in error, that a church is a necessity in any community, still as a legal proposition a church is as much bound by valid restrictions upon property held by it as is any other association or person. It follows from the foregoing rulings that the trial judge erred in refusing to grant an interlocutory injunction.

*Judgment reversed.   All the Justices concur.*