## PHILLIPS *v.* BLACKWELL.

ATKINSON, J. The Avalon Company, a corporation, being owner of a tract of land, subdivided it for the purpose of sale for residential purposes, and laid out and improved streets thereon in accordance with a general building scheme. The subdivision was called North Highlands. After the subdivision and improvement of streets in accordance with the scheme, the company sold a designated lot that fronted on one of the streets, called Morningside Drive, which by a chain of conveyances finally vested in Paul P. Blackwell. After Blackwell thus acquired the lot and commenced to reside in the residence that had been erected thereon, the Avalon Company sold an adjoining lot fronting on Morningside Drive to J. R. Phillips, and executed to him a deed. All of the deeds contained identical building restrictions. The deed from Avalon Company to Phillips, the defendant, described the land thereby conveyed as being a designated lot "of the Avalon Company property, as per plat of Kauffman, C. E., January, 1926," and lying within bounds beginning at a designated point, and "thence running in a southwesterly direction one hundred forty (140) feet to the rear line of lot 14, of same block; thence running in a southeasterly direction sixty (60) feet to lot 11; thence in a northeasterly direction one hundred fifteen (115) feet to Morningside Drive; thence running in a northwesterly direction along Morningside Drive sixty (60) feet to the point of beginning." Immediately following the above description was the clause: "This property is sold and conveyed subject to the following restrictions, which shall be binding upon said party of the second part, his heirs and assigns, for a period extending to January 1, 1953. 1. This lot to be used for residential purpose only. 2. Not to be sold to, leased, rented, or

---

Deeds, 18 C. J. p. 269, n. 55; p. 282, n. 50; p. 384, n. 86; p. 389, n. 33; p. 393, n. 8; p. 394, n. 16, 17; p. 395, n. 27 New; p. 396, n. 39, 40; p. 397, n. 53, 61, 62; p. 398, n. 65.

tenanted by any person of African descent. 3. No house to be built hereon costing less than $6000. 4. The main walls of residence erected on said land and all porches and terraces erected on said land shall not be nearer the property line than 30 feet." *Held:*

1. The only street mentioned in the descriptive clause was "Morningside Drive," and the deed properly construed means that the lot fronted on that street. The provision in paragraph 4 of the restrictive clause, prohibiting the erection of walls, etc., "nearer the property line than 30 feet," should be construed as referring to a line 30 feet from and parallel to the line of the street on which the lot fronted. This provision was not void because it did not define the location of the building line.

2. The above-quoted provision in the deed, that the restrictions "shall be binding upon said party of the second part," and that the "main walls of residence erected on said lot and all porches and terraces erected on said land *shall not be* nearer the property line than 30 feet," import a covenant by the grantee that he will observe the restrictions and will not build nearer the property line than thirty feet.

3. "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." Civil Code (1910), § 4180. By accepting the deed containing covenants as heretofore referred to, and possession of the property thereunder, the covenants became binding upon the grantee without his having signed the deed. *Union City Realty &c. Co.* v. *Wright,* 138 *Ga.* 703 (3) (76 S. E. 35); *Louisville & Nashville Railroad Co.* v. *Nelson,* 145 *Ga.* 594 (89 S. E. 693).

4. The covenants with the grantor, as referred to above, were essentially for the benefit of other lots included in the Avalon Company subdivision shown on the map, which by reference was made a part of the deed. Except for such benefits, the grantor would have had no interest in requiring the covenant.

5. Being of the character just indicated, the covenants enured to the benefit of the grantor and also to purchasers from the grantor of other lots in the subdivision in pursuance of the general building scheme.

6. In the circumstances, purchasers from the grantor of other lots, in pursuance of the general building scheme, could in equity sue the grantee to prevent a violation of the restrictive covenants. *Union City Realty &c. Co.* v. *Wright,* supra; *Rosen* v. *Wolff,* 152 *Ga.* 578, 585 (110 S. E. 877).

7. The petition alleged a cause of action, and the judge did not err in overruling the demurrer. In the case of *Hancock* v. *Gumm,* 151 *Ga.* 667 (107 S. E. 872, 16 A. L. R. 1003), the conveyance to the party sought to be enjoined did not contain a restrictive covenant, nor did he contract with reference to or have notice of the general building scheme.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*

No. 5728. September 23, 1927.

Equitable petition. Before Judge Howard. Fulton superior court. October 7, 1926.

*Roy S. Drennan* and *H. F. Sharp,* for plaintiff in error.

*J. K. Jordan,* contra.