BRICE *v.* NATIONAL BONDHOLDERS CORPORATION.

512

No. 12626.   FEBRUARY 15, 1939.

514

*J. Wightman Bowden* and *J. Richard Bowden,* for plaintiff in error.

*Pearce & John S. Matthews,* contra.

GRICE, Justice. ■ The failure of the petition to allege that the plaintiff therein was the holder of the note was not pointed out by demurrer, and so far as the record shows was mentioned by plaintiff in error for the first time in his brief in this court. The absence of an allegation that the plaintiff was the holder of the note was an amendable defect and was cured by verdict. The note was indorsed in blank. For the purposes of this case we shall assume that National Bondholders Corporation acquired whatever rights Mortgage Guarantee Company of America had. This ruling is not in conflict with *Allen* v. *Commercial Credit Co., 155 Ga.* 545 (117 S. E. 650). Compare *Dorris* v. *Farmers & Merchants Bank, 144 Ga.* 233 (86 S. E. 1093).

■ Error is assigned on the ruling of the trial court in striking the answer of the defendant. A part of the answer was a plea of the statute of limitations. The contention of counsel for plaintiff in error is that when a suit is brought on a covenant of assumption, as in the case at bar, it is not an action on a contract under

seal, as contemplated by the Code, § 3-703, nor a simple contract in writing as contemplated by § 3-705, but in respect to the statute of limitations the case falls under § 3-711, and must be brought within four years from the accrual of the right of action. The position of counsel can not be sustained. It was ruled in *Kytle* v. *Kytle,* supra, that when a grantee accepts a deed, and thereby becomes bound by the covenants therein, and the instrument is under seal, the period of limitation applicable to a suit brought for a breach of the covenant is twenty years. So much of the ruling of the trial court as struck the plea of the statute of limitations was correct.

■ The trial court also struck that part of the plea which set up the statute of frauds. The promise of Brice to assume the payment of the indebtedness represented by a loan deed on the property he purchased was a part of the consideration he agreed to pay for the property. It is true that in doing so he incidentally discharged a debt of his grantor, but this does not bring his promise within the operation of the statute of frauds. Such was the holding of this court in *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653), following several other similar rulings of this court, and citing an array of authorities from other jurisdictions. So much of the assignment of error as relates to the statute of frauds is without merit.

■ A part of plaintiff in error's plea was to the effect that the real agreement between him and Wilson was that Brice was to purchase the property subject to the outstanding mortgage debt, and any provision in the deed to himself to the contrary was without his, Brice's, knowledge or assent; that is to say, that he did not know of or assent to the assumption clause. This is but an attempt to set up previous verbal negotiations respecting the terms of a sale which was consummated by a written contract, without showing any fraud or that he was in any manner prevented from ascertaining what the writing contained. To sustain such a defense would be to deny the force and effect of those decisions which hold that when a person enters upon land by virtue of a deed conveying title to him he will be bound by the covenants contained in such deed, though he did not sign it. *Atlanta, Knoxville & Northern Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215) ; *Kytle* v. *Kytle,* supra ; *Federal*

*Land Bank of Columbia* v. *Paschall,* 180 *Ga.* 224 (178 S. E. 659), and cit. The court did not err in striking the part of the plea herein indicated. If anything contrary to what we hold was ruled in *Luria* v. Bank of Coral Gables, 106 Fla. 175 (142 So. 901, 143 So. 598), we cannot follow that case, in view of the previous rulings of this court. As to whether acceptance of a deed containing a statement that the grantee assumes a mortgage is conclusive proof of such assumption, see 1 Williston on Contracts, § 90a.

■ It has a number of times been held in effect by this court that where lands are conveyed by indenture to a person who does not sign the deed, yet if he enter upon the land and accept the deed in other matters, he will be bound by the covenants contained in it. *Georgia Southern Railroad* v. *Reeves,* 64 *Ga.* 492; *Atlanta, Knoxville and Northern Ry. Co.* v. *McKinney,* supra; *Kytle* v. *Kytle,* supra; *Louisville & Nashville R. Co.* v. *Nelson,* 145 *Ga.* 594 (89 S. E. 693); *Federal Land Bank* v. *Paschall,* supra, and cit. There is also a long line of cases decided by this court which support the proposition that where a debtor conveys his property to another and as part of the transaction the purchaser agrees to assume and pay the debts of the vendor, a creditor of the latter has a remedy in equity to enforce the agreement. See *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245), where the earlier cases were listed, and *Federal Land Bank* v. *Paschall,* supra, where the later decisions were collected. The defendant in error bottoms his case upon the two principles stated above, and takes this further position: that the court ruled correctly in striking the answer of Brice, in which he set up that he and the Wilsons by mutual agreement rescinded their agreement for Brice to purchase, and in pursuance thereof Brice reconveyed the property to the Wilsons, who immediately took possession thereof, on the further agreement that Brice would be released from all further obligation which he had entered into with them. On the other hand it is the insistence of counsel for plaintiff in error that where the grantee by provision in his deed assumes an outstanding mortgage debt against the property conveyed, and thereafter the said grantee and his grantor rescind the transaction and the grantee reconveys the property to the grantor by quitclaim deed, the mortgage holder, who, in the meantime, has not in any way changed his position in respect to his mortgage debt, can not then maintain an action against the grantee upon said assumption clause.

This difference between counsel is upon a vital issue, and one that has not heretofore been presented to this court for decision. The authorities from other States are in conflict. It is frequently said that the difference of opinion arises because of the different theories of law upon which a mortgagee is allowed the benefit of the contract of assumption; one, the theory of equitable subrogation, by which a creditor is entitled to all the collateral securities which his debtor has obtained to reinforce the primary obligation; the other, the theory that if one person makes a promise to another for the benefit of a third person, that third person may maintain an action on the promise. 3 Wiltsie on Mortgage Foreclosure (3rd ed.), § 246. Most of the older cases, apparently, that ascribe the source of the rule to subrogation, acknowledge the right of a grantor to release his grantee without the consent of the former's creditor, while the greater number of those who deny the right state that the rule aforesaid is founded on the other theory. The author above cited expresses the view that "the theory of a benefit for a third person is the broadest, most equitable, and most susceptible of application to the various cases that have arisen, and it is in growing favor with the courts." Wiltsie, § 251. Another commentator declares that in a great majority of the States a mortgagee is allowed to recover in a suit at law against the purchaser, who has assumed the debt, upon the ground of equitable subrogation or that the transaction amounts to a novation. 2 Jones on Mortgages (7th ed.), § 762.

Counsel for defendant in error takes the position that in this State the basis of the right of the creditor to sue upon a promise made to his debtor is not placed on subrogation, but on an extension of the other rule, and relies upon the statement of Mr. Justice George in the case of *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986), to wit: "So far as we are aware, all our decisions proceed upon the basis that the purchaser of property, by virtue of his agreement with his vendor, occupied the position of a trustee to pay the debts of the vendor, and that it was proper for the creditor of the vendor to go into equity to enforce this agreement." The learned Justice was arguing that while at law the creditor of the vendor could not obtain relief, equity would enforce the agreement. The question of the right of the two original parties to rescind was not involved. In the present case we are not to decide

on which basis properly rests the doctrine that a court of equity will enforce, for the benefit of a creditor of the vendor, an assumption agreement made between the vendor and vendee. Our question is, can such creditor enforce it after it has been in good faith rescinded by the vendor and vendee? There are a number of modern adjudications, from courts which have given the second of the two theories as the basis of the rule that a mortgagee is entitled in equity to recover against a purchaser who has assumed the debt, which nevertheless hold that the release by the vendor of the covenant of assumption will deprive the mortgagee of the benefit thereof. See the authorities cited in 41 C. J. 749, note 60, in support of the statement there made in the text that "The assumption contract may be rescinded, or the grantee released therefrom by the mortgagor, so long as the mortgagee has done nothing to show his adoption of the contract or his acceptance of the grantee as the principal debtor;" the note to Hill v. Hoeldtke in 40 L. R. A. (N. S.), 672, 674; and the cases cited in the note to Hamilton v. Wheeling Public-Service Co., 21 A. L. R. 433, 462; McCown v. Nicks, 47 A. L. R. 332 and note. "An acceptance of, or acting upon, the assumption agreement by the mortgagee, precluding its rescission by the parties thereto, is evidenced by the bringing of an action on the agreement by the mortgagee, but not by his acceptance of a payment of interest on the mortgage by the grantee." 41 C. J. 749, § 815. Regardless of the basis of the rule that where a debtor has conveyed his property to another and as part of the transaction the purchaser has agreed to assume and pay the debts of the vendor a creditor of the latter has a remedy in equity, we find the great weight of authority to the effect that the covenant of assumption may, by consent of the vendor and vendee, be rescinded without the consent of the third person for whose benefit it was made, and that such rescission will cancel all his rights and benefits thereunder, provided the same be done before acceptance or action thereon by the beneficiary. See the cases cited in the note to Clark v. Nelson (216 Ala. 199, 112 So. 819), in 53 A. L. R. 173, 178 et seq.

The agreement declared upon was one between the Wilsons and Brice. The complainant in the present suit, a mortgagee of the Wilsons, had no knowledge of its existence, so far as this record shows. It never acted upon it. Its position was in no way changed by the rescission. It was in exactly the same situation it was in

before the Wilsons sold to Brice. It retained the same property, and the same right to sue Wilson. How was it or its predecessor in title harmed? Wilson and Brice made the agreement; Wilson and Brice rescinded it. The defendant in error parted with nothing to obtain the original agreement between the Wilsons and Brice. It was no worse off after the rescission was made. As is said in Shult v. Doyle, 200 Iowa 1 (201 N. W. 787), cited in 47 A. L. R. 344: "The cause of action thus created in his favor is a bit of legal grace; it cost him nothing; it simply fell upon him, without effort or knowledge on his part. He is entitled to it, such as it is. He has no ground for appeal to equity either to expand it or to prevent its shrinkage." We are not now dealing with a voluntary relinquishment by an insolvent of an asset possessed by him, nor is fraud involved. We are supported in our view by what is said in the American Law Institute Restatement, Contracts, § 143, to wit: "A discharge of the promisor by the promisee in a contract or a variation thereof by them is effective against a creditor beneficiary if (a) the creditor beneficiary does not bring suit upon the promise or otherwise materially change his position in reliance thereon before he knows of the discharge or variation, and (b) the promisee's action is not a fraud upon creditors." Compare Wrenn v. Massell Realty Co., 49 Ga. App. 418 (176 S. E. 60); Stapler v. Anderson, 177 Ga. 434 (170 S. E. 498). The court erred in striking that part of the defense referred to in this last division of the opinion, and for that reason the judgment must be

Reversed. All the Justices concur.