38084.   MANGET FOUNDATION, INC. *v.* WHITE.

DECIDED FEBRUARY 16, 1960.

G. *Eugene Ivey*, for plaintiff in error.
*Charles H. Edwards*, contra.

GARDNER, Presiding Judge. It is elementary that a deed must be based on consideration; that the wording in the deed must be sufficient to create a covenant between the parties thereto; that the deed must have been delivered to the grantee and accepted, as written, and that the grantee must have entered into possession thereof. See in this respect *Renfroe* v. *Alden*, 164 *Ga.* 77 (137 S. E. 831), *Phillips* v. *Blackwell*, 164 *Ga.* 856 (3) (139 S. E. 547), *Ottauquechee Savings Bank* v. *Elliott*, 172 *Ga.*

656 (1) (158 S. E. 316), *Anderson* v. *Higgenbotham*, 174 *Ga.* 565 (1) (163 S. E. 477), *Adams* v. *Lee County Bank &c. Co.*, 178 *Ga.* 154 (172 S. E. 224), and *Phelps* v. *House*, 67 *Ga. App.* 872 (2) (21 S. E. 2d 522).

A recital in a conveyance that the deed is made subject to a specified loan against the property is not an agreement to assume and pay the encumbrance. There must be words importing a promise to pay the debt, in order to render the grantee personally liable. *Alsobrook* v. *Taylor*, 181 *Ga.* 10 (6) (181 S. E. 182). The result is not different because the conveyance, after reciting that it is made subject to the loan, adds the words, "which is a part of the above consideration." *National Bondholders Corp.* v. *Parris*, 190 *Ga.* 513 (1) (9 S. E. 2d 741).

On the other hand, where the language of the security deed is to the effect that "as a part of the above consideration the party of the second part hereto agrees to assume payment" etc., and the grantee of the deed accepts delivery of the instrument and enters upon the land, this "does not bring his promise within the operation of the statute of frauds." *Brice* v. *National Bondholders Corp.*, 187 *Ga.* 511 (3) (1 S. E. 2d 426).

The language of this instrument lies between the two cases cited above and is to the effect that "the consideration for this deed is the assumption by the grantee herein of the unpaid principal balance," etc. In our opinion the word "assumption," coupled with acceptance of the deed and entry upon the land, constitutes an agreement to pay that which is recited to be a part of the consideration. "Assumption" is defined in Black's Law Dictionary as "The act or agreement of assuming or taking upon one's self; the undertaking or adoption of a debt or obligation primarily resting upon another, as to where the purchaser of real estate 'assumes' a mortgage resting upon it, in which case he adopts the mortgage debt as his own and becomes personally liable for its payment." Thus, the words "the assumption by the grantee herein of the principal balance" may be read "the agreement by the grantee herein to pay the principal balance."

It follows that the trial court erred in sustaining the plea of the statute of frauds, the only issue before this court. Whether

242

such an action may in this State be maintained at law or whether it is within the sole province of a court of equity is not presently before us. In that regard see *Brice* v. *National Bondholders Corp.*, 187 *Ga.* 511, supra, and *Morgan* v. *Argard*, 148 *Ga.* 123 (95 S. E. 986).

*Judgment reversed. Townsend and Carlisle, JJ., concur.*