## 60585. CARSON et al. v. STANFORD et al.

SHULMAN, Presiding Judge.

This action began as a suit on a note. The note in favor of appellants was executed in 1972 by the Stanfords as part of a real estate transaction in which appellants sold the Stanfords a tract of land and received a deed to secure debt and a note. In 1973, the Stanfords sold the property to a group of persons which included the appellees herein. The deed by which that sale was accomplished recited that the appellees and the other purchasers (referred to

collectively as the "Hammett Group") assumed the debt of the Stanfords to appellants. In 1974, an attorney sent to one of the appellants a purported · modification agreement which recited, among other things, that the Hammett Group assumed the debt owed by the Stanfords. However, the Stanfords executed documents in 1976 which purported to release two of the appellees and "all other persons" from any obligation under the note. When this suit was brought in 1977, appellees denied any involvement in the 1974 assumption agreement and claimed that the releases executed by the Stanfords relieved all of the Hammett Group of liability on the note.

In response to appellees' motion for summary judgment based on the releases, appellants filed affidavits to the effect that they had relied to their detriment on the assumption by appellants and that they had no notice of the releases until after this suit was filed. Relying on *Brice v. Nat. Bondholders Corp.,* 187 Ga. 511 (1 SE2d 426), the trial court granted appellees' motion for summary judgment. We agree that the statements of law in *Brice* are the controlling principles in this case, but we cannot agree with the trial court that there are no genuine questions of material fact with regard to the release issue.

Appellees assert that appellants had no right to rely on the assumption agreement in the 1974 modification agreement because it was not signed by any of the appellees. However, that modification agreement may not be viewed in a vacuum. Appellants have alleged that there were negotiations concerning performance under the various documents, including an alleged default by appellees. Under those circumstances which evince a claimed reliance by appellants on the original assumption agreement entered into by appellees, we hold that a question of fact exists as to reliance by appellants such as would render subsequent releases ineffective.

Furthermore, according to a statement approved by the Supreme Court in *Brice,* the uncontested allegation of appellants that they had no knowledge of the purported releases until after this suit was commenced would prevent summary judgment for appellees: " 'A discharge of the promisor by the promisee in a contract or a variation thereof by them is effective against a creditor beneficiary if (a) *the creditor beneficiary does not bring suit upon the promise* or otherwise materially change his position in reliance thereon *before he knows of the discharge* or variation. . .' " (Emphasis supplied.) Id., p. 519.

We hold, therefore, that questions of fact exist concerning the validity of the release upon which appellees rely in their defense. The grant of summary judgment to appellees was error.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 18, 1981.

*Charles E. Leonard, Emory A. Schwall,* for appellants.
*A. Sidney Parker, Charles A. Evans, John H. Moore, Howard H. Johnston, Joseph C. Parker, Toby C. Prodgers,* for appellees.